UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
ALEXANDER PERROS, THOMAS DELLE,
NICHOLAS LENOCI, VICTOR PATALANO,
RONALD LANIER and IBRAHIM ZAHRAN
Collectively on Behalf of All Persons
Similarly Situated and/or Sheriff's Department
Former Personnel Unfairly Denied Proper
"Recommendation for Consideration of
Application for Pistol License for Retiring
Peace [Police] Officer" Forms and/or "*Good Guy
Letters*" Following Retirement, Due to Injury
and/or Disability,

                                 Plaintiffs,

          -against-

COUNTY OF NASSAU, NASSAU COUNTY
POLICE DEPARTMENT, NASSAU COUNTY
SHERIFF'S DEPARTMENT, and MICHAEL
SPOSATO, in his Individual and Official
Capacities,

                                 Defendants.

-------------------------------------------------------------X

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ FEB 24 2017 ★
LONG ISLAND OFFICE

MEMORANDUM AND ORDER

CV 15-5598

(Wexler, J.)

APPEARANCES:

    LAW OFFICES FREDERICK K. BREWINGTON
    BY:   FREDERICK K. BREWINGTON, ESQ.
    Attorneys for Plaintiffs
    556 Peninsula Boulevard
    Hempstead, New York 11550

    CARNELL T. FOSKY, NASSAU COUNTY ATTORNEY
    BY:   RALPH J. REISSMAN, DEPUTY COUNTY ATTORNEY
    Attorneys for Defendants
    One West Street
    Mineola, New York 11501

WEXLER, District Judge:

Before the Court is the Defendants' motion to dismiss Plaintiffs' First Amended Complaint, pursuant to Federal Rule of Civil Procedure 12(b)(6). Plaintiffs oppose the motion. For the following reasons, Defendants' motion is granted in part and denied in part.

BACKGROUND

The relevant facts can be summarized as follows: Plaintiffs, Alexander Perros ("Perros"), Thomas Delle ("Delle"), Nicholas Lenoci ("Lenoci"), Victor Patalano ("Patalano"), Ronald Lanier ("Lanier") and Ibrahim Zahran ("Zahran") (collectively, "Plaintiffs"), are all former Corrections Officers or Deputy Sheriffs who were employed by the Nassau County Sheriff's Department (the "Sheriff's Department") for a number of years before retiring on disability due to injuries suffered in the course of their duties as Sheriff's Department employees. Following their retirement, Plaintiffs each applied to the Sheriff's Department for a "good guy letter," which would allow them to possess and carry pistols as retirees. Plaintiffs' applications for good guy letters were all denied by Defendant Sheriff Michael Sposato ("Sposato"), on the grounds that Plaintiffs were injured and/or disabled for medical reasons at the time of their retirement.

Plaintiffs commenced this putative class action on September 28, 2015, and amended their Complaint, as of right, on November 9, 2015. The First Amended Complaint alleges that Defendants violated Plaintiffs' 2nd Amendment, due process and equal protection rights under 42 U.S.C. § 1983. Plaintiffs further allege that Defendants discriminated against them on the basis of disability in violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12132, and the Rehabilitation Act, 29 U.S.C. § 794. Finally, Plaintiffs assert a claim for municipal

liability, as well as state law claims for gross negligence and tortious interference with prospective contractual advantage.

Defendants move to dismiss Plaintiffs' First Amended Complaint in its entirety, pursuant to Federal Rule of Civil Procedure 12(b)(6). For the reasons discussed below, the Court finds that Plaintiffs' First Amended Complaint fails to state a claim for violation of their due process and Second Amendment rights. In addition, the Court finds that Plaintiffs have failed to state a claim for disability discrimination, and tortious interference with prospective contractual advantage and gross negligence. The Court finds, however, that Plaintiffs have met their burden with respect to their equal protection and municipal liability claims.

## DISCUSSION

I. <u>Legal Standard</u>

"To survive a motion to dismiss [pursuant to Rule 12(b)(6)], a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009) (quoting <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 570 (2007)). "Facial plausibility" is achieved when the "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." <u>Iqbal</u>, 556 U.S. at 678 (citing <u>Twombly</u>, 550 U.S. at 556). As a general rule, the court is required to accept as true all of the allegations contained in the complaint, <u>see Iqbal</u>, 556 U.S. at 678; <u>Kassner v. 2nd Ave. Delicatessen, Inc.</u>, 496 F.3d 229, 237 (2d Cir. 2007), and to "draw[] all reasonable inferences in the plaintiff's favor." <u>Troni</u>, 2010 U.S. Dist. LEXIS 79670, at *5 (quoting <u>In re NYSE Specialists Sec. Litig.</u>, 503 F.3d 89, 95 (2d Cir. 2007)).

However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements . . . are not entitled to the assumption of truth." Iqbal, 556 U.S. at 678-79 (citation omitted); see also Twombly, 555 U.S. at 555 (stating that the Court is "not bound to accept as true a legal conclusion couched as a factual allegation"). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations," which state a claim for relief. Iqbal, 556 U.S. at 679. A complaint that "tenders 'naked assertion[s]' devoid of 'further factual enhancement'" will not suffice. Iqbal, 556 U.S. at 678 (quoting Twombly, 555 U.S. at 557).

II. The NCPD and NCSD are not Suable Entities

As Defendants correctly point out in their motion, and Plaintiffs concede in their opposition, Defendants Nassau County Police Department and Nassau County Sheriff's Department are not suable entities. It is well-established that "[u]nder New York law, departments that are merely administrative arms of a municipality do not have a legal identity separate and apart from the municipality and, therefore, cannot sue or be sued." Davis v. Lynbrook Police Dep't, 224 F. Supp. 2d 463, 477 (E.D.N.Y. 2002) (citing cases). Accordingly, the Nassau County Police Department and the Nassau County Sheriff's Department are hereby dismissed from this action.

III. The Due Process and Second Amendment Claims

Plaintiffs allege that they each have a protected property and/or liberty interest in a firearms license - and, by extension, the good guy letter - which was denied by Defendants

without due process of law, in violation of 42 U.S.C. § 1983.

1.  Procedural Due Process

"A procedural due process claim is composed of two elements: (1) the existence of a property or liberty interest that was deprived and (2) deprivation of that interest without due process." Bryant v. N.Y. State Educ. Dep't, 692 F.3d 202, 218 (2d Cir. 2012) (citing Narumanchi v. Bd. of Trustees, 850 F.2d 70, 72 (2d Cir. 1988)). To establish deprivation of a property interest, a plaintiff must demonstrate an interest "in a benefit that is 'more than an abstract need or desire for it . . . [He] must, instead, have a legitimate claim of entitlement to it' under state or federal law in order to state a § 1983 claim." Finley v. Giacobbe, 79 F.3d 1285, 1296 (2d Cir. 1996) (quoting Board of Regents v. Roth, 408 U.S. 564, 577 (1972)).

"[A] benefit is not a protected entitlement if government officials may grant or deny it in their discretion." Town of Castle Rock v. Gonzalez, 545 U.S. 748, 756 (2005) (citing Kentucky Dep't of Corrections v. Thompson, 490 U.S. 454, 462-63 (1989)). Under New York law, "[i]t is well-settled that the possession of a handgun license is a privilege, not a right." Papaioannou v. Kelly, 788 N.Y.S.2d 378, 378 (1st Dep't 2005) (citing cases). Moreover, the parties do not dispute that under New York Penal Law, decisions on whether or not to issue pistol permits are made by the licensing officer in the county where the applicant resides, which, in this case, is Defendant Sposato. See N.Y. Penal Law § 400.00(3)(a). Licensing officers, such as Sposato, are vested with broad discretion in making the determination whether or not to issue a pistol permit. See Simmons v. New York City Police Dep't License Div., 825 N.Y.S.2d 768, 769 (2d Dep't 2006).

Since it is a discretionary decision on Sposato's part whether to issue a pistol permit, and

by extension, a good guy letter, Plaintiffs cannot establish that they have a protected property interest[1] in either the pistol permit or the good guy letter they seek to obtain. Accordingly, their First Amended Complaint fails to state a claim for a procedural due process violation and that claim is hereby dismissed.

    2.    <u>Second Amendment</u>

The Second Amendment provides: "A well regulated Militia, being necessary to the security of a free State, the right of the people to keep and bear Arms, shall not be infringed." U.S. Const. amend. II. The Supreme Court has held that the Second Amendment "codified a pre-existing right" that includes an "individual right to possess and carry weapons in case of confrontation."[2] <u>District of Columbia v. Heller</u>, 554 U.S. 570, 592 (2008).

The "right secured by the Second Amendment is not unlimited," however, such that it does not protect a right "to keep and carry any weapon whatsoever in any manner whatsoever and for whatever purpose." <u>Heller</u>, 554 U.S. at 626. Moreover, case law within this circuit indicates that "the 'right to bear arms' is not a right to hold some particular gun." <u>Garcha v. City of Beacon</u>, 351 F. Supp. 2d 213, 217 (S.D.N.Y. 2005). As Defendants point out, and Plaintiffs do not dispute, Plaintiffs are still able to obtain a gun license to own a shotgun or a rifle as a good guy letter is not necessary for the purchase and possession of those firearms. Without the good

---

[1] Plaintiffs argue that in addition to a property interest, they have a liberty interest in the continued possession of a firearm. (Pl. Mem. of Law in Opp'n 29.) However, as discussed <u>infra</u> in connection with Plaintiffs' Second Amendment claim, Defendants are not preventing Plaintiffs from obtaining any firearm. They are simply refusing to provide them with the necessary paperwork to obtain the firearm of their choice.

[2] In 2010, the Supreme Court held for the first time that the Second Amendment's protections apply fully to the states through the Fourteenth Amendment's Due Process Clause. <u>See</u> <u>McDonald v. Chicago</u>, 561 U.S. 742, 750 (2010).

guy letter, Plaintiffs are simply prevented from possessing and carrying a pistol, not all firearms.

Since "there is no allegation that Defendants' actions have affected Plaintiff[s'] ability to retain or acquire other firearms . . . the conduct alleged in the [First] Amended Complaint does not amount to a Second Amendment violation." Vaher v. Town of Orangetown, 916 F. Supp. 2d 404, 430 (S.D.N.Y. 2013); see also McGuire v. Village of Tarrytown, No. 08 Civ. 2049, 2011 WL 2623466, at *7 (S.D.N.Y. June 22, 2011) (holding that because "defendants did not prevent [plaintiff] from acquiring another weapon, they did not impede plaintiff's 'right to bear arms'"). Accordingly, Defendants' motion to dismiss Plaintiffs' claim for violation of their Second Amendments rights is granted.

IV.  The ADA and the Rehabilitation Act

Plaintiffs allege that Defendants discriminated against them based on their disabilities in violation of the ADA and the Rehabilitation Act when they failed to issue the requested good guy letters. According to Plaintiffs, their disabilities were the sole reason for Defendants' denial of the good guy letters.

Title II of the ADA provides, in pertinent part, that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." Harris v. Mills, 572 F.3d 66, 73 (2d Cir. 2009) (quoting 42 U.S.C. § 12132. "Similarly, the Rehabilitation Act requires that specified 'otherwise qualified' disabled individuals receive reasonable accommodations from programs receiving federal financial assistance." Harris, 572 F.3d at 73 (quoting 29 U.S.C. § 794(a)).

To establish a prima facie violation of the ADA, Plaintiffs must demonstrate: (1) that they are "qualified individual[s]" with disabilities; (2) that they were "excluded from participation in a public entity's services, programs or activities or [were] otherwise discriminated against by a public entity;" and (3) that such discrimination was "due to [their] disabilit[ies]." Hargrave v. Vermont, 340 F.3d 27, 34-35 (citing 42 U.S.C. § 12132). "These requirements apply with equal force to [P]laintiffs' Rehabilitation Act claims." Hargrave, 340 F.3d at 35 (citing Rodriguez v. City of New York, 197 F.3d 611, 618 (2d Cir. 1999)).

To satisfy this standard at the motion to dismiss stage, Plaintiffs are required to allege that they suffer from physical or mental impairments that "substantially limit" an activity that "constitutes a major life activity under the ADA." Telemaque v. Marriott Int'l, Inc. No. 14 Civ. 6336, 2016 WL 406384, at *6 (S.D.N.Y. Feb. 2, 2016) (quoting Colwell v. Suffolk Cty. Police Dep't, 158 F.3d 635, 641 (2d Cir. 1998)) (additional citations omitted). "Not every impairment is a 'disability' within the meaning of the ADA; rather, there are two requirements: the impairment must limit a major life activity and the limitation must be substantial." Capobianco v. City of New York, 422 F.3d 47, 56 (2d Cir. 2005) (citing 42 U.S.C. § 12102(2)(A)). "A 'major life activity' is one that is 'of central importance to daily life,' including functions such as caring for oneself, walking, seeing, hearing, speaking, breathing, learning and working." Telemaque, 2016 WL 406384, at *6 (quoting Primmer v. CBS Studios, Inc., 667 F. Supp. 2d 248, 258 (S.D.N.Y. 2009)) (additional citations omitted).

Here, Plaintiffs do not allege that any of the foregoing major life activities are substantially limited by reason of their disabilities. In fact, Plaintiffs repeatedly allege throughout their First Amended Complaint that they do not suffer from any "impairments to their

-8-

abilities to own, handle, operate and secure pistols/firearms." (See, e.g., 1st Am. Compl. ¶ 235.) Accordingly, while Plaintiffs may have retired from their positions with the Sheriff's Department due to disabilities that prevented them from continuing their employment, they do not allege that they are "disabled" within the meaning of the ADA or the Rehabilitation Act.

Rather, Plaintiffs appear to allege that the ability to own and operate a firearm is a major life activity, pursuant to the ADA and the Rehabilitation Act. However, at least one court in this circuit has rejected the argument that the "ability to carry a gun" constitutes a "major life activity," noting that the definition of "major life activity" is "limited to eating, sleeping, walking, seeing, talking, hearing and breathing." Santiago v. New York City Police Dep't, No. 05 Civ. 3035, 2007 WL 4382752, at *8 (S.D.N.Y. Dec. 14, 2007), aff'd, 329 Fed. App'x 328 (2d Cir. 2009) (citing Mescall v. Marra, 49 F. Supp. 2d 365, 373 (S.D.N.Y. 1999)). This Court agrees and finds that because the ability to own or operate a firearm is not a major life activity, Plaintiffs are not disabled within the meaning of the ADA or the Rehabilitation Act. As such, the First Amended Complaint fails to state a claim under the ADA and the Rehabilitation Act and those claims are dismissed.[3]

---

[3] In addition, as Plaintiff concedes, it is well-established that there is no individual liability under the ADA or the Rehabilitation Act, whether the individual is sued in their official or individual capacity. See Spiegel v. Schulmann, 604 F.3d 72, 79-80 (2d Cir. 2010) (explaining that there is no individual liability under the ADA); Cohn v. KeySpan Corp., 713 F. Supp. 2d 143, 154 (E.D.N.Y. 2010) ("Individuals may not be sued in their individual or personal capacity under the ADA or Rehabilitation Act."); Maus v. Wappingers Cent. Sch. Dist., 688 F. Supp. 2d 282, 302 n.10 (S.D.N.Y. 2010) ("[I]ndividuals cannot be named as defendants in ADA or Rehabilitation Act suits in their official or representative capacities."). Accordingly, the ADA and Rehabilitation Act claims asserted against Defendant Sposato in both his individual and official capacities are hereby dismissed on this ground as well.

## V. The State Law Claims

Plaintiffs allege the following state law claims stemming from the denial of their requested good guy letters: (1) tortious interference with prospective contractual advantage and (2) gross negligence.

### 1. Tortious Interference with Prospective Contractual Advantage

"Under New York law, to state a claim for tortious interference with prospective economic advantage, the plaintiff must allege that '(1) it had a business relationship with a third party; (2) the defendant knew of that relationship and intentionally interfered with it; (3) the defendant acted solely out of malice, or used dishonest, unfair or improper means; and (4) the defendant's interference caused injury to the relationship.'" Kirch v. Liberty Media Corp., 449 F.3d 388, 400 (2d Cir. 2005) (quoting Carvel Corp. v. Noonan, 350 F.3d 6, 17 (2003)). Plaintiffs' First Amended Complaint is completely devoid of any allegations concerning a business relationship between Plaintiffs and a third party. Nor are there any allegations that Defendants interfered with any such relationship.

In their Memorandum of Law in opposition to the within motion, Plaintiffs argue that they have met the pleading standard for a claim for tortious interference with prospective economic advantage because they "repeatedly" allege that Plaintiffs had "a business relationship with Defendants, including Defendant Sposato." (Pl. Mem. of Law 34.) However, this is a complete misinterpretation of the elements of the claim. A claim of tortious interference requires a business relationship with a third party, not the defendant. It further requires that the defendant interfered with that third-party relationship. Nothing in the First Amended Complaint alleges the required elements of the claim. Accordingly, Plaintiffs' claim for tortious interference with

prospective contractual advantage is dismissed.

2. Gross Negligence

To state a claim for negligence under New York law, a plaintiff must establish three elements: "(1) the existence of a duty on defendant's part as to plaintiff; (2) a breach of this duty; and (3) injury to the plaintiff as a result thereof." Alfaro v. Wal-Mart Stores, Inc., 210 F.3d 111, 114 (2d Cir. 2000) (per curiam) (quoting Akins v. Glen Falls City Sch. Dist., 53 N.Y.2d 325, 333 (1981)). The existence of a duty on defendant's part is "a sin qua non of a negligence claim: 'In the absence of a duty, as a matter of law, no liability can ensue.'" Alfaro, 210 F.3d at 114 (quoting McCarthy v. Olin Corp., 119 F.3d 148, 156 (2d Cir. 1997)).

Plaintiffs' claim for gross negligence fails as a matter of law because they cannot establish that Defendants owed them a duty to issue a good guy letter. As stated above in connection with Plaintiffs' due process claim, licensing officers in New York - as Sposato is here - are vested with broad discretion in making the determination whether or not to issue a pistol permit. See Simmons v. New York City Police Dep't License Div., 825 N.Y.S.2d 768, 769 (2d Dep't 2006). Since it is a discretionary decision on Sposato's part whether to issue a pistol permit, and by extension, a good guy letter, Plaintiffs cannot establish that Defendants owed them any duty to issue a good guy letter. Accordingly, their gross negligence claim fails as a matter of law and is hereby dismissed.

VI. Equal Protection and Municipal Liability

Finally, Plaintiffs' allege that Defendants violated their equal protection rights in that similarly situated Sheriff's Department employees who retire without disability are issued good

guy letters. Plaintiffs further assert a claim for municipal liability, pursuant to <u>Monell v. Department of Social Services</u>, 436 U.S. 658 (1978), alleging that the County has permitted a pattern and practice of unreasonable denials of good guy letters to Sheriff's Department employees who retire due to disability.

To state an equal protection claim, Plaintiffs must demonstrate that they were "treated differently than others similarly situated as a result of intentional or purposeful discrimination." <u>Phillips v. Girdich</u>, 408 F.3d 124, 129 (2d Cir. 2005) (citing <u>Giano v. Senkowski</u>, 54 F.3d 1050, 1057 (2d Cir. 1995)). Taking the allegations in the First Amended Complaint as true, as the Court must at this stage of the litigation, Plaintiffs have adequately pleaded that they were treated differently from Sheriff's Department employees who retired without disability and that Defendants purposely withheld Plaintiffs' good guy letters because of their retirements due to disability. Moreover, Plaintiffs have adequately alleged a pattern and practice on Defendants' part of withholding good guy letters on the basis of disability retirement.

Accordingly, Plaintiffs have satisfied their burden with respect to their equal protection and <u>Monell</u> claims and Defendants' motion to dismiss those claims is denied.

## CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss is granted in part and denied in part. Specifically, the motion is granted with respect to Plaintiffs' due process, Second Amendment, ADA and Rehabilitation Act claims, and those claims are hereby dismissed. In addition, Defendants' motion is also granted with respect to Plaintiffs' state law claims for tortious interference with prospective contractual advantage and gross negligence and those

claims are also dismissed. Finally, because the Nassau County Police Department and the Nassau County Sheriff's Department are not suable entities, all claims against them are dismissed in their entirety. In all other respects, Defendants' motion to dismiss is denied and this action shall continue solely with respect to Plaintiffs' equal protection and municipal liability claims.

**SO ORDERED:**

Dated: Central Islip, New York
February 24, 2017

LEONARD D. WEXLER
United States District Judge