UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-----------------------------------------------x

ALEXANDROS PERROS, THOMAS DELLE, NICHOLAS LENOCI, VICTOR PATALANO, RONALD LANIER and IBRAHIM ZAHRAN Collectively on Behalf of All Persons Similarly Situated And/or Sheriff's Department Former Personnel Unfairly Denied Proper "Recommendation For Consideration Of Application For Pistol License For Retiring Peace (Police) Officer" Forms and/or "Good Guy Letters" Following Retirement, Due To Injury and or Disability,

Plaintiffs,

- against -

COUNTY OF NASSAU; NASSAU COUNTY POLICE DEPARTMENT; NASSAU COUNTY SHERIFF'S DEPARTMENT, SHERIFF MICHAEL SPOSATO, In His Individual And Official Capacities,

Defendants.

Docket No.: CV-15-5598

-----------------------------------------------x

One West Street
Mineola, New York

June 28, 2018
10:57 a.m.

Deposition of Defendant, MICHAEL SPOSATO, pursuant to Notice, before Diana Mitchell, a Notary Public of the State of New York.

REALTIME REPORTING, INC.
124 East Main Street, Suite 202
Babylon, New York 11702
516-938-4000
www.realtimereporting.com

department.

Q. When you say that you can't recall but you think it might have been you wanted to stay where you were, I am just going to need to understand that a little better.

A. Sure.

Q. Are you saying you don't recall why you withdrew your name as you sit here now?

A. I can't -- yeah, I don't recall the whole entire process. I know I met with the investigator. I don't remember for which position. I know I filled out papers. I don't know if I ever completed it and it just -- I withdrew or they automatically -- I don't recall.

I know how it started. I don't know the ending. I just know I never did anything but what I did since I told you.

Q. Sir, at any time have you ever been convicted of any crimes?

A. No.

Q. During your tenure working either for the Town of Oyster Bay or the County of

Nassau have you been the subject of any charges or disciplines?

DI MR. REISSMAN: I direct the witness not to answer. That's totally irrelevant to this case.

MR. BREWINGTON: Can we talk outside for a second?

MR. REISSMAN: Sure.

(Recess taken.)

MR. BREWINGTON: We're going to break for a second to make a telephone call to get a ruling from Magistrate Tomlinson, and counsel is going to speak to his client for a moment.

(Recess taken.)

(At 11:28 a.m. both counsel and reporter telephoned the chambers of Judge Tomlinson for a ruling.)

LAW CLERK: Has the deponent left the room?

MR. BREWINGTON: He can step out.

LAW CLERK: If you can ask him to do that I would appreciate it.

(At this time witness exited

deposition room.)

MR. BREWINGTON: Both counsel are here with the court reporter who is maintaining a record.

LAW CLERK: Great. Thank you.

I'm just going to take a few notes on the application.

Whose application, I guess, is this call regarding?

MR. BREWINGTON: This is the application of the plaintiff. This is Fred Brewington. Defense counsel is Mr. Ralph Reissman for the County. The witness is former Sheriff Michael Sposato, S-P-O-S-A-T-O.

We are in a deposition which is on notice with normal federal stips and I have the court reporter ready to read back the question as it was asked.

LAW CLERK: Could you have her read it back, please?

(Record read.)

LAW CLERK: Have her read it again.

(Record read.)

MR. BREWINGTON: Then there was an objection by Mr. Reissman.

You want to speak to it?

MR. REISSMAN: I directed the witness not to answer. If you want reasons I can give them to you.

LAW CLERK: Give them to me real quick.

MR. REISSMAN: The reasons, basically, this is a case about retired corrections officers who applied for letters of recommendation to obtain pistol licenses from the Nassau County Pistol License Section.

I think the sheriff in this case, the sheriff signed off on the letters of recommendation or letters of no recommendation strictly having to do with the officers' physical abilities at the time of their retirements.

I don't see what the sheriff's disciplinary records or history has anything to do with any relevance to

this case or the issues presented in the complaint.

LAW CLERK: Okay.

MR. BREWINGTON: Would you like to hear from plaintiff?

LAW CLERK: Sure, I'd like your position real quick.

MR. BREWINGTON: The issues in this case deal with an Equal Protection claim as well as a Monel claim, and as I understand the rules, is that issues of credibility are always relevant for discovery and, more importantly, because the decisionmaker here was the sheriff and his credibility as the main person in the Monel claim not only is a factual witness in the underlying Equal Protection claim, that credibility and relevance to that credibility is necessary to discover.

LAW CLERK: Understood. I'm going to put you back on hold real quick and see if I can get the judge, okay?

MR. BREWINGTON: Very well.

Thank you.

(Recess taken.)

JUDGE TOMLINSON: Good morning. This is Judge Tomlinson.

MR. BREWINGTON: I am here with Ralph Reissman, and the court reporter has the record going.

JUDGE TOMLINSON: Has the witness been excused?

MR. BREWINGTON: He is out of the room. We have a summer associate in the office, summer intern, here with us as well as the court reporter.

JUDGE TOMLINSON: I understand that former Sheriff Sposato, who is a defendant in the case, is now being deposed, correct?

MR. BREWINGTON: That is correct.

JUDGE TOMLINSON: Put your application on the record then if you would.

MR. BREWINGTON: Judge, at this time we have made an inquiry of this witness as to whether or not he has been

the subject of any charges and/or disciplines during his tenure working either for the Town of Oyster Bay and the county in the different roles that he has worked, and Mr. Reissman, on behalf of his client, has instructed the client not to answer that question.

JUDGE TOMLINSON: Let me ask this question: Are you asking him this in relation to time that he was working in his capacity as the sheriff or is this after?

MR. BREWINGTON: No, this is before and during. The sheriff, he worked for the Town of Oyster Bay for, approximately, two years before he began his tenure in different jobs at the jail.

JUDGE TOMLINSON: Okay. All right.

Let me hear from Mr. Reissman. Mr. Reissman directed?

MR. REISSMAN: That's correct, Judge. The position of the defendants

is that these questions are irrelevant. The case is about retired corrections officers who applied to the police department for pistol licenses, and as retired peace officers they needed to get -- they needed to have been retired in good standing.

What that translates into is typically a letter from the agency that the officer retired from, in this case, the Corrections Department, and needed the Nassau County Sheriff's Department stating that he retired in good standing.

The form that the sheriff's department uses takes the officer's medical history into account and also his qualifications for yearly training and firearms. The forms that the sheriff signs indicates all this history.

In four of the six plaintiff officers, the officers did not qualify for yearly firearms training, and,

therefore, were not qualified to carry firearms at the time of their retirement.

The other two had medical disabilities and were restricted, and the sheriff made these decisions in his capacity as sheriff of Nassau County.

Although he did work for the sheriff's department in prior capacities and prior positions, he was not the sheriff. This case only involves his decision making as the sheriff.

Any prior disciplinary history he may have had as an employee, not to mention the Town of Oyster Bay, but any prior positions he had in the sheriff's department, in this case as an undersheriff or as a cook or as a cook supervisor, have nothing to do with his role in the issues in this case, your Honor.

Thank you.

MR. BREWINGTON: Judge, do you need to hear from me?

JUDGE TOMLINSON: If you wish. Go ahead.

MR. BREWINGTON: Yes.

The issues are, I think, reasonable with regard to this witness not only as a fact witness but also as a decisionmaker and the main decisionmaker in this Monel claim.

Initially we have learned that he applied to be a deputy sheriff, police officer and a corrections officer, took the test, but for reasons that he can't state or can't remember, withdrew his name when they began to do background investigations.

There are issues that may relate to not only his credibility but also his bias, and I think that it is relevant, it's discoverable.

It may not be in the long run admissible, but I think it is discoverable for purposes of evaluating this witness and evaluating the issues of credibility, potential bias and

motive.

JUDGE TOMLINSON: All right. Well, having heard from both of you, first of all, there are very, very limited circumstances in which a witness can be directed not to answer, and those essentially boil down to areas that are privileged or questions are being posed presumptively to harass or annoy the witness, and I don't find that that's the case here.

Relevance is not typically an acceptable objection during a deposition, although what I have heard here leads me to conclude that the relevance, if any, falls within the timeframe of Mr. Sposato's service as the sheriff of the county.

And to the extent of that time period and those job responsibilities I will require him to answer the question as being posed.

As to his prior responsibilities to the Town of Oyster Bay or other

positions within the sheriff's department where he may have been, aside from the fact that it seems to me they're probably outside the statute of limitations, I don't find the relevance here with respect to providing groundwork for which the witness would have to answer the question.

MR. BREWINGTON: Judge, may I be heard very briefly on that point?

JUDGE TOMLINSON: Go ahead.

MR. BREWINGTON: With regard to his both applications to be officers and essentially never holding a correction officer position prior to, I think that's going to be disclosed because I took a deposition of him earlier where it was asked if he ever had a gun and he testified he was never actually provided an opportunity to have a gun.

If, indeed, there were charges which impacted that in any point in any way or disciplined which impacted that in any way, I would think that that

would be not only relevant but it would be probative in terms of any actions or motives.

He was the sheriff for, approximately, ten years, but he spent another fourteen years or so at the jail in different roles, some of which were top-level supervisory, and I believe, at least my position would be, that at least his time at the sheriff's department, if not at Oyster Bay, which was only two years, would be relevant to any of his attitudes, biases, particularly if he was subject to any charges or disciplines that would have impacted his view of individuals such as my clients.

JUDGE TOMLINSON: All right. Well, I certainly understand why you're asking for it and I understand to an extent the dots you are trying to connect here.

However, I still find that he was sheriff for ten years. I would agreed

that these questions are proper within the timeframe which he was serving as sheriff. I don't believe, most respectfully, that you are entitled to the other information that precedes that, so that is my ruling and you will proceed from there.

MR. BREWINGTON: Very well, Judge.

May I reserve my right to make further application to the Court in writing after this deposition?

JUDGE TOMLINSON: Absolutely. Your rights are always preserved.

In fact, Mr. Reissman, your rights are preserved also if you decide that you want to move to preclude the testimony or have it stricken in some way as not being germane to the claims in the case, you have that right.

MR. REISSMAN: Thank you, your Honor.

MR. BREWINGTON: Judge, so I am clear, he served as the undersheriff,

the chief of staff, undersheriff, acting sheriff and then sheriff. Am I only limited to the time that he served as the sheriff or may I deal with the issues relating to him as the chief of staff, undersheriff, acting sheriff as well?

JUDGE TOMLINSON: I will let you cover the period that he was acting sheriff but beyond that, no.

MR. REISSMAN: Thank you, your Honor.

MR. BREWINGTON: Thank you, Judge.

MR. REISSMAN: Have a good afternoon.

JUDGE TOMLINSON: Once the transcript is prepared, Mr. Brewington, I am going to ask you just to, at least, send this piece that deals with the application and the ruling of the Court, all right?

MR. BREWINGTON: Very well.

JUDGE TOMLINSON: Thank you.

MR. REISSMAN: Thank you.

JUDGE TOMLINSON: Have a good day, everyone.

(At 11:48 a.m. the examination resumed.)

Q. Can you tell us during the time you served as the acting sheriff or undersheriff --

MR. REISSMAN: Objection.

Q. Acting sheriff or actual sheriff, were you the subject of any charges or disciplines?

A. Not that I'm aware of.

Q. Who was the person, if anyone, who would make determinations on charges and disciplines, if any, that were made against you?

A. It would have to be -- it would have to be the county executive's office or an outside agency.

Q. Would it be accurate to say that within the sheriff's department there was nobody else above you?

A. No one else above me -- strike