**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK**
-------------------------------------------------------------X
ALEXANDROS PERROS, THOMAS DELLE,
NICHOLAS LENOCI AND VICTOR
PATALANO Collectively on Behalf of All Persons
Similarly Situated And/or Sheriff's Department
Former Personnel Unfairly Denied Proper
"Recommendation For Consideration Of
Application For Pistol License For Retiring Peace
[Police] Officer" Forms and/or "Good Guy
Letters" Following Retirement, Due To Injury
and or Disability,

        **ORDER**

        CV 15-5598 (DRH) (AKT)

      Plaintiffs,

 - against -

COUNTY OF NASSAU; NASSAU COUNTY
POLICE DEPARTMENT; NASSAU COUNTY
SHERIFF'S DEPARTMENT, SHERIFF
MICHAEL SPOSATO, In His Individual And
Official Capacities,

      Defendants.
-------------------------------------------------------------X

**A. KATHLEEN TOMLINSON, Magistrate Judge:**

**I. BACKGROUND**

  The Plaintiffs in this action are former Deputy Sheriffs, Corrections Officers, and/or other employees of the Nassau County Sherriff's Department who retired as a result of disabilities. They have brought this action, on behalf of themselves and all others similarly situated, pursuant to 42 U.S.C. § 1983, against Nassau County, the Nassau County Police Department, the Nassau County Sheriff's Department, and Nassau County Sheriff Michael Sposato ("Sposato" or "Sheriff Sposato") both in his individual and official capacities. *See* Compl. [DE 1] ¶ 2. Plaintiffs allege that Defendants failed/refused to grant them reasonable accommodations and discriminated against Plaintiffs on the basis of their disabilities. *See* Compl. [DE 1] ¶¶ 2-4.

Specifically, Plaintiffs allege that Defendants intentionally prevented Plaintiffs from being issued hand gun/pistol licenses and/or "good guy letters" because of their disabilities, notwithstanding the fact that Plaintiffs do not suffer from any disabilities and/or impairments that would adversely affect their ability to own, operate and/or secure a firearm. *See* Compl. ¶¶ 2, 25. Presently before the Court is Plaintiff's motion for reconsideration of this Court's June 28, 2018 Order concerning the proper scope of certain questions asked of former Sheriff Sposato during his deposition.

II. **MOTION FOR RECONSIDERATION**

Former Sheriff Sposato was deposed on June 28, 2018. *See* Plaintiff's Memorandum of Law in Support of Motion for Reconsideration ("Pls.'Mem.") [DE 75] at 1. In the course of the examination, Plaintiffs' counsel asked Sposato whether, "during [his] tenure working either for the Town of Oyster Bay or the County of Nassau [he was] the subject of any charges or disciplines?" *See* Deposition Transcript of Michael Sposato ("Dep. Tr."), annexed to Pls.'Mem. as Ex. A, at 26:24-27:3. Counsel for Nassau County directed former Sheriff Sposato not to answer the question, stating "[t]hat's totally irrelevant to this case." *See id.* at 27:4-6. During a brief recess, the parties excused the witness from the room and contacted the Court for a ruling on whether the witness was required to answer the question. *See id.* at 27:11-40:11. After hearing argument from both parties, the Court ruled that the line of questioning being pursued by Plaintiffs' counsel was only "proper within the timeframe [in] which [Sposato] . . . serv[ed] as sheriff." *See id.* at 39:25-40:8. Thus, the Court limited the scope of the question to the timeframe of Sposato's tenure as sheriff – a period of ten years. *Id.* Ultimately, Plaintiffs'

2

counsel acknowledged the Court's ruling but reserved the right to make a further application to the Court on this subject. *Id.* at 39:9-13.

On July 27, 2018, Plaintiffs' counsel filed a letter (1) seeking leave to brief the matter and (2) enclosing the relevant portion of the Sposato deposition transcript for the Court's review. *See* DE 73. More than a week later, the Court observed that Defendants had not opposede Plaintiffs' letter request and ordered counsel to meet and confer and to submit a briefing schedule for approval. *See* July 27, 2018 Electronic Order. The parties submitted a proposed briefing schedule which the Court "so ordered" on August 2, 2018. *See* August 2, 2018 Electronic Order. Plaintiff timely filed the instant motion on August 17, 2018. *See* DE 75. Defendants did not file any opposition.

### III.  APPLICABLE LAW

In determining a motion for reconsideration, a court should consider: (1) whether there has been "an intervening change of controlling law;" (2) whether there is new evidence presented that was not previously available on the original motion; and (3) whether there is a "need to correct a clear error or prevent manifest injustice." *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Trust*, 729 F.3d 99, 104 (2d Cir. 2013) (quoting *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992) (internal quotation marks omitted)). This standard governs with equal force motions to alter or amend judgment pursuant to Federal Rule of Civil Procedure 59(e) and motions for reconsideration or reargument pursuant to Local Civil Rule 6.3. *See DirecTV, LLC v. Borbon*, No. 14 CV 3468, 2015 WL 7281636, at *1 (E.D.N.Y. Nov. 16, 2015) (quoting *Henderson v. Metro. Bank & Trust Co.*, 502 F. Supp. 2d 372, 375 (S.D.N.Y. 2007)); *Sigmon v. Goldman Sachs Mortg. Co.*, 229 F. Supp. 3d 254, 256

(S.D.N.Y. 2017) (citing *Fireman's Fund Ins. Co. v. Great Am. Ins. Co. of N.Y.*, 10 F. Supp. 3d 460, 475 (S.D.N.Y. 2014), *aff'd*, 822 F.3d 620 (2d Cir. 2016); *Arnold v. Geary*, 981 F.Supp.2d 266, 268–69 (S.D.N.Y. 2013), *aff'd*, 582 Fed. App'x. 42 (2d Cir. 2014)) ("The Court will consider case law arising under both Local Civil Rule 6.3 and Federal Rule of Civil Procedure 59(e), because the standards for both are identical.").

"It is well-settled that [a motion for reconsideration] is not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a second bite at the apple." *Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012) (quoting *Sequa Corp. v. GBJ Corp.*, 156 F.3d 136, 144 (2d Cir. 1998)) (quotation marks omitted). Further, "[a] party seeking reconsideration may . . . no[t] advance new facts, issues or arguments not previously presented to the Court." *In re Facebook, Inc., IPO Sec. & Derivative Litig.*, 43 F. Supp. 3d 369, 373 (S.D.N.Y. 2014) (quoting *Schonberger v. Serchuk*, 742 F. Supp. 108, 119 (S.D.N.Y. 1990) (citations omitted)) (internal quotation marks omitted), *aff'd sub nom. Lowinger v. Morgan Stanley & Co. LLC*, 841 F.3d 122 (2d Cir. 2016)); *Norton v. Town of Brookhaven*, 47 F. Supp. 3d 152, 155 (E.D.N.Y. 2014) (citing *Analytical Surveys, Inc.*, 684 F.3d at 52).

"Reconsideration 'is an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources.'" *Sigmon*, 229 F. Supp. 3d at 257 (quoting *Anwar v. Fairfield Greenwich Ltd.*, 164 F.Supp.3d 558, 560 (S.D.N.Y. 2016) (internal quotation marks omitted)). It is within the sound discretion of the district court whether or not to grant a motion for reconsideration. *See Gupta v. Attorney Gen. of United States*, 52 F. Supp. 3d 677, 679–80 (S.D.N.Y. 2014) (citing *Devlin v. Transp. Commc'ns Int'l Union*, 175 F.3d 121, 132 (2d

Cir.1999); *Mendell In Behalf of Viacom, Inc. v. Gollust*, 909 F.2d 724, 731 (2d Cir. 1990), *aff'd sub nom. Gollust v. Mendell*, 501 U.S. 115, 111 S. Ct. 2173, 115 L. Ed. 2d 109 (1991)); *Callari v. Blackman Plumbing Supply, Inc.*, 988 F. Supp. 2d 261, 287 (E.D.N.Y. 2013) (citing *Kapsis v. Bloom*, No. 08 Civ. 3092, 2009 WL 414001, at *1 (E.D.N.Y. Feb. 17, 2009)). With these principles in mind, the Court turns to the instant motion.

IV. **ANALYSIS**

Plaintiffs' counsel argues that at the time of the Court's ruling, "there was evidence that had not yet been disclosed to Plaintiff's counsel and was not available to disclose to the Court," which Plaintiffs maintain would have impacted the Court's ruling. *See* Pl.s' Mem. at 5. After counsels' colloquy with the Court, Sposato testified to training he received as a Cook and Kitchen Supervisor at the jail prior to his attaining a position in the Sheriff's office. He stated that "[w]hen I started at the jail in 1994, we go through a two- or three-week training because we supervise inmates, so I did go through initial training when I first started in 1994." Dep. Tr. at 47:8-12. Counsel argues that any disciplinary actions Sposato was subject to during the period he received this training are relevant because if he failed to follow such training or policies, that would have an impact on his credibility. Pls.'Mem. at 5. Further, Plaintiffs' counsel points out that following the Court's ruling, Sposato testified as follows:

> Q. Sir, with regard to any training that you received did you receive any particular training in the area of evaluating and accommodating people with disabilities on the job?
>
> A. Back to that training, I believe that we did a mental health piece, I don't recall, from '94, but if you request that you'll see what was in there.
>
> Q. Other than not, anything else?
>
> A. No.

5

Dep. Tr. 66: 11-21.  Sposato also testified that during his tenure as Sheriff, there was no one "above [him]" in the Sheriff's Department to make determinations on charges or discipline lodged against him.  *Id*. at 41:11-42:5; 66:11-12.   Essentially, based on this new information, Plaintiff's counsel asserts that Sposato's disciplinary record prior to becoming Sheriff is relevant and properly within the scope of discovery since, during his tenure as Sheriff, Sposato did not receive any relevant training, nor was he subject to disciplinary action by any person or entity within the Sheriff's Department.  *See* Pls.' Mem. at 5.

Plaintiffs' counsel emphasizes that this new evidence was not available at the time Sposato was instructed not to answer the question put to him on this issue.  Thus, counsel asserts the Court did not have this information at the time of the application for a ruling during the deposition.  Consequently, Plaintiffs' counsel contends, that information should now be disclosed.  Counsel also argues that discovery of this information is proper since it implicates Sposato's reliability, credibility, and qualifications as they relate to the underlying claims.

During the June 28, 2018 telephone call made from the Sposato deposition, the Court expressed its concern that Plaintiffs were seeking information relating to time-barred events which could not form the basis of a claim in the current lawsuit.  The Court permitted the scope of questioning to extend to the 10-year period during which Sposato served as Sheriff, but not prior to that time. Dep. Tr. 38-39.  Plaintiffs' counsel emphasizes that the information at issue is germane to the *Monell* claim and that Defendants should be required to respond, even if the information is ultimately determined not to be admissible at trial.  Pls.' Mem. at 7.  Drawing attention to the fact that Defendant Sposato was a "top law enforcement officer" during the period in which a number of the Plaintiffs here retired, counsel posits that the information

6

contained in Sposato's "employment records from his past employers is not a concession or determination of relevance for purposes of trial."[1]  *Id*.  Counsel argues that the information sought will enable Plaintiffs to examine the relationship of that information to Sposato's intent and motive, both of which Plaintiffs maintain are "clear factors in this case." *Id*. at 8.

Having now had the opportunity to review the full Sposato transcript, and having considered the additional arguments of Plaintiffs' counsel – which remain unopposed -- the Court finds that, notwithstanding possible statute of limitations issues, the information Plaintiffs seek might well be relevant to the issues to be resolved in the case. *See Hellgren v. Bell Atlantic Corp.*, No. 99 Civ 11937, 2000 WL 726496 at *1 (S.D.N.Y. May 30, 2000) (denying a defendant's motion to dismiss plaintiff's second cause of action for retaliation in a discrimination case, and stating "[i]t may be that evidence about time-barred occasions when Plaintiff experienced difficulty before obtaining the accommodation . . . will be admissible, even if those occasions do not afford any basis for relief because it is relevant to issues that are involved in the case, such as Defendant's intentions").  Although the Court is not tasked with determining the admissibility of evidence at this juncture, the Court notes that under the Second Circuit's "inclusionary" approach to prior act evidence, "evidence of prior crimes, wrongs, or acts is admissible "for any purpose other than to show a[n individual's] . . . propensity, as long as the evidence is relevant and satisfies the probative-prejudice balancing test of Rule 403." *Bermudez*

---

[1] In arguing about the proper scope of disclosure and Defendants' obligation to produce the information requested here, Plaintiffs' counsel argues that such information "may lead to other admissible evidence." Pls.' Mem. at 8.  The Court points out that this is not the appropriate standard of review under Rule 26.  The quoted standard was revised when the changes to the Federal Rules – which added the proportionality standard, among other things -- became effective on December 1, 2015.  The proper scope of discovery currently consists of information that is material to the claims or defenses raised in the case.

*v. City of New York*, No. 15-CV-3240, 2019 WL 136633, at *6 (E.D.N.Y. Jan. 8, 2019) (citing *United States v. Carboni*, 204 F.3d 39, 44 (2d Cir. 2000)). Taking into account the testimony which was obtained from former Sheriff Sposato during the remainder of his deposition -- after the Court's ruling -- Plaintiff has now articulated several such reasons, including Sposato's motive and intent, as well as his credibility and possible bias. *See* Pl.s' Mem. at 7-8. Plaintiffs maintain that "any disciplinary actions leveled against Sposato at that time for failing to adhere to such training is of fundamental importance and relevance to the case at hand." *Id.* at 5. As to the scope of permissible discovery, the Court agrees with Plaintiffs at this juncture, to a point.

Having carefully considered Plaintiffs' motion papers, the Sposato deposition transcript and the applicable law – in addition to the fact that Defendants did not respond to this motion -- the Court finds that, in view of the new information not previously available to the Court at the time of its oral ruling, the witness will be required to answer the question(s) at issue. The question posed by Plaintiffs' counsel seeks discoverable information, but the timeframe is confined to the period commencing with Sposato's hiring as an employee at the Nassau County Correctional Center (cook and kitchen supervisor) up through his tenure as Sheriff – a period covering 23 years until he left employment as Sheriff on December 31, 2017. Dep. Tr. 9-10.

However, the Court finds no grounds to alter its position with respect to the period of Sposato's employment by the Town of Oyster Bay or any other earlier employer. Sposato's testimony shows that he was employed by the Town from 1992 to 1994, at which point he left to assume his first job at Nassau County Correctional Center. Dep. Tr. 21:6-23-8. Specifically, Sposato testified that he worked as an operator in the Town's sewage treatment plant where he performed tasks such as checking pumps and gauges. *Id*. That two-year stint occurred 25 years

8

ago and Plaintiffs have produced no evidence whatsoever that Sposato was a supervisor of any kind or that he had designated obligations under any Town policy regarding individuals with disabilities. Plaintiffs' argument as to any Town of Oyster Bay employment records or information on Sposato is both remote and speculative. Plaintiffs' motion, to the extent it seeks authorization to inquire into this area, is DENIED. For these reasons, the Court is permitting Plaintiffs to obtain answers to the questions posed to former Sheriff Sposato which Defendants' counsel directed him not to answer, to the extent set forth in this Order.

V.     CONCLUSION

For the reasons set forth above, Plaintiffs' motion for reconsideration is GRANTED to the extent set forth in this Order. The Court will allow Plaintiffs' counsel to re-open the deposition of former Sheriff Sposato in order for Sposato to answer Plaintiffs' questions about any "prior charges and disciplines" during his tenure working in the Nassau County Jail beginning in 1994. Plaintiffs are not permitted to pursue further questioning regarding Mr. Sposato's prior employment with the Town of Oyster Bay or any earlier employer. The deposition must be scheduled and completed by May 1, 2019. Counsel are to confirm to the Court in writing once the deposition has been completed.

**SO ORDERED.**

Dated: Central Islip, New York
       March 28, 2019

/s/ A. Kathleen Tomlinson
A. KATHLEEN TOMLINSON
U.S. Magistrate Judge