UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
ALEXANDROS PERROS, THOMAS DELLE,
NICHOLAS LENOCI, VICTOR PATALANO,
RONALD LANIER, and IBRAHIM ZAHRAN,
Collectively on Behalf of All Persons Similarly
Situated And/or Sheriff's Department Former
Personnel Unfairly Denied Proper "Recommendation
For Consideration Of Application For Pistol License
For Retiring Peace [Police] Officer" Forms and/or
"*Good Guy Letters*" Following Retirement, Due To
Injury and or Disability,

                             Plaintiffs,

      - against -

COUNTY OF NASSAU, NASSAU COUNTY
POLICE DEPARTMENT, NASSAU COUNTY
SHERIFF'S DEPARTMENT, and SHERIFF
MICHAEL SPOSATO, In His Individual And
Official Capacities,

                             Defendants.
----------------------------------------------------------------X

**ORDER**

CV 15-5598 (GRB) (AKT)

**A. KATHLEEN TOMLINSON, Magistrate Judge:**

**I.**      **PRELIMINARY STATEMENT**

Presently before the Court is Defendants' motion for reconsideration of this Court's March 28, 2019 Order which granted in part and denied in part Plaintiffs' motion for reconsideration of this Court's June 28, 2018 Order concerning the proper scope of certain questions asked of former Nassau County Sheriff Michael Sposato ("Sposato") during his deposition. *See* Motion for Reconsideration of Court's March 28, 2019 Order by Defendants ("Defs.' Mot.") [DE 79]; Memorandum of Law in Support of Defendants' Motion for Reconsideration ("Defs.' Mem.") [DE 79-1]. *See* Plaintiffs' oppose Defendants' motion. Plaintiffs' Memorandum of Law in Opposition to Defendants' Motion for Reconsideration

("Pls.' Mem. II") [DE 82]. Defendants submitted a reply. *See* Reply Memorandum of Law in Further Support of Defendants' Motion for Reconsideration ("Defs.' Reply") [DE 84].

## II.    BACKGROUND

### A.    Plaintiffs' Motion for Reconsideration

The Court presumes the parties' familiarity with Plaintiffs' original August 17, 2018 motion for reconsideration which was granted in part and denied in part in this Court's March 28, 2019 Order ("March 2019 Order") [DE 78]. *See* Plaintiffs' Motion for Reconsideration ("Pls.' Mot.") [DE 75]; Plaintiffs' Memorandum of Law in Support of Motion for Reconsideration ("Pls.' Mem. I") [DE 75-1]. The Court briefly summarizes Plaintiffs' motion as follows. During Defendant Sposato's deposition on June 28, 2018, Plaintiffs' counsel asked Sposato whether, "during [his] tenure working either for the Town of Oyster Bay or the County of Nassau [he was] the subject of any charges or disciplines?" *See* March 28, 2019 Order at 2 (quoting Deposition Transcript of Michael Sposato ("Dep. Tr."), annexed to Pls.' Mem. I as Ex. A, at 26:24-27:3). Defendants' counsel objected to the relevance of this question. Dep. Tr. at 27:4-6. After the parties contacted the Court for a ruling as to whether Sposato was required to answer the question, and after hearing arguments from both sides, "the Court limited the scope of the question to the timeframe of Sposato's tenure as sheriff – a period of ten years." March 28, 2019 Order at 2. Plaintiffs' counsel reserved the right to make a further application to the Court on this subject and later obtained leave to file a motion for reconsideration.

In their motion for reconsideration, Plaintiffs presented new evidence to the Court that was previously unavailable at the time the Court made its oral ruling. That "new evidence" was essentially the further testimony of Sposato after the Court's ruling during the deposition. After counsels' colloquy with the Court, Sposato testified about training he received in 1994 as a cook

2

and kitchen supervisor at the jail prior to his attaining a position in the Sheriff's Office. Plaintiffs' counsel argued that any disciplinary actions Sposato was subject to during the period he received this training are relevant because if Sposato failed to follow such training or policies, that would have an impact on his credibility. Sposato also testified that during his tenure as Sheriff, there was no one "above [him]" in the Sheriff's Department to make determinations on charges or discipline lodged against him. Dep. Tr. at 41:11-42:5; 66:11-12. As such, Plaintiffs' counsel argued that Sposato's disciplinary record prior to becoming Sheriff is relevant and properly within the scope of discovery since, during his tenure as Sheriff, Sposato did not receive any relevant training, nor was he subject to disciplinary action by any person or entity within the Sheriff's Department. Putting the question of admissibility at trial aside, the Court stated that this information might well be relevant to the issues to be resolved in this case and granted Plaintiffs' motion to the following extent:

> The Court will allow Plaintiffs' counsel to re-open the deposition of former Sheriff Sposato in order for Sposato to answer Plaintiffs' questions about any "prior charges and disciplines" during his tenure working in the Nassau County Jail beginning in 1994. Plaintiffs are not permitted to pursue further questioning regarding Mr. Sposato's prior employment with the Town of Oyster Bay or any earlier employer.

March 28, 2019 Order at 9.

### B. Defendants' Motion for Reconsideration

Now Defendants -- who significantly did not oppose or respond to *Plaintiffs'* motion for reconsideration -- filed their own separate motion for reconsideration of the Court's March 2019 Order. Plaintiffs oppose the motion. *See generally* Defs.' Mem.; Pls.' Mem. II. Defendants contend that new information was obtained after Plaintiffs filed their motion which "compel[s] the conclusion that the information sought by plaintiffs [during Sposato's deposition] is irrelevant to the issues of this case" and renders "this action . . . moot." Defs.' Mem. at 1.

3

Specifically, Defendants assert that in January 2019, under the helm of now-Sheriff Vera Fludd, the Nassau County Sheriff's Department ("NCSD") changed its policy with respect to the "good guy" letters at issue in this case. A change has been made "to the effect that the revised form of the letter no longer contains any recommendation by NCSD as to whether the retired officer should or should not obtain a pistol license from NCPD, which under New York State law possesses the sole authority . . . to issu[e] . . . pistol licenses in Nassau County." *Id.* at 4 (citation omitted). Defendants submitted an affidavit by Captain Michael R. Golio of the NCSD to support these statements. That affidavit was also included in Defendants' summary judgment motion. *See* Affidavit of Michael R. Golio in Support of Defendants' Motion for Summary Judgment ("Golio Aff."), annexed as "Appendix A" to Defs. Mem. [DE 79-1 at 8]. In his affidavit, Golio stated that NCSD has issued new "good guy" letters to all Plaintiffs and that the status of each Plaintiffs' letter is as follows:

   a. Plaintiff Perros was issued the letter, and he has received a pistol license from NCPD.

   b. Plaintiff Delle was issued the letter, however, he has not yet picked up the letter, and advised NCSD that he will pick up the letter when he returns from Florida.

   c. Plaintiff Lenoci was issued the letter, and has received a pistol license from NCPD.

   d. Plaintiff Patalona was issued the letter, and has received a pistol license from NCPD.

   e. Plaintiff Lanier has picked up his letter.

   f. Plaintiff Zahran was issued a letter, however, he has not yet picked up the letter.

Golio Aff. ¶ 13(a)-(f). In light of the issuance of new "good guy" letters, Defendants take the position that "[t]he issue of Sposato's 'prior charges and disciplines' is thus rendered irrelevant to this case, which is now moot. Plaintiffs have obtained all of the relief they sought in

4

commencing this action, *i.e.*, letters from NCSD indicat[ing] their dates of service, and that they were not under any disciplinary action at the time of their separation of service." Defs.' Mem. at 5. As such, Defendants submit that "Sposato should not be obligated to be questioned further about his past employment record." *Id.*

In opposition, Plaintiffs argue that the Golio Affidavit should be rejected and not considered by the Court because Golio "was never identified on Defendants['] Initial Rule 26 disclosure and was never identified as a person with relevant information in this case." Pls.' Mem. II at 6-7. To the extent that Defendants appear to offer the Golio Affidavit "to support some form of a claim of ill-conceived mootness," Plaintiffs argue that Defendants are seeking "to interject new and unrelated evidence which should not be considered at this juncture . . . to deprive the Court from having the authority to providently exercise judicial discretion now and in the future." *Id.* at 7, 13. Plaintiffs also repeat their need for this information as previously stated in their motion, which is to test Sposato's credibility. *Id.* at 12.; *see* Pls.' Mem. I at 5.

In their reply, Defendants state "there is no need to conduct further discovery in this case, especially a continued deposition of Sposato as to his charges of discipline from 1994" by repeating their argument that this case is now moot in light of Plaintiffs being issued new "good guy" letters. Defs.' Reply at 1-2. Defendants further contend that Sposato's prior charges and discipline are irrelevant to the determinations made by Sposato concerning Plaintiffs' qualifications to carry firearms. *Id.* at 2.

### III. STANDARD OF REVIEW

In determining a motion for reconsideration, a court should consider: (1) whether there has been "an intervening change of controlling law;" (2) whether there is new evidence presented that was not previously available on the original motion; and (3) whether there is a "need to

5

correct a clear error or prevent manifest injustice." *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Trust*, 729 F.3d 99, 104 (2d Cir. 2013) (quoting *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992)). This standard governs with equal force motions to alter or amend judgment pursuant to Federal Rule of Civil Procedure 59(e) and motions for reconsideration or reargument pursuant to Local Civil Rule 6.3. *See DirecTV, LLC v. Borbon*, No. 14 CV 3468, 2015 WL 7281636, at *1 (E.D.N.Y. Nov. 16, 2015) (quoting *Henderson v. Metro. Bank & Trust Co.*, 502 F. Supp. 2d 372, 375 (S.D.N.Y. 2007)); *Arnold v. Geary*, 981 F.Supp.2d 266, 268–69 (S.D.N.Y. 2013), *aff'd*, 582 Fed. App'x 42 (2d Cir. 2014)); *see also Sigmon v. Goldman Sachs Mortg. Co.*, 229 F. Supp. 3d 254, 256 (S.D.N.Y. 2017) ("The Court will consider case law arising under both Local Civil Rule 6.3 and Federal Rule of Civil Procedure 59(e), because the standards for both are identical." (citing *Fireman's Fund Ins. Co. v. Great Am. Ins. Co. of N.Y.*, 10 F. Supp. 3d 460, 475 (S.D.N.Y. 2014))), *aff'd*, 822 F.3d 620 (2d Cir. 2016).

"It is well-settled that [a motion for reconsideration] is not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a second bite at the apple." *Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012) (quoting *Sequa Corp. v. GBJ Corp.*, 156 F.3d 136, 144 (2d Cir. 1998)) (quotation marks omitted). Further, "[a] party seeking reconsideration may . . . no[t] advance new facts, issues or arguments not previously presented to the Court." *In re Facebook, Inc., IPO Sec. & Derivative Litig.*, 43 F. Supp. 3d 369, 373 (S.D.N.Y. 2014) (quoting *Schonberger v. Serchuk*, 742 F. Supp. 108, 119 (S.D.N.Y. 1990) (citations omitted)) (internal quotation marks omitted), *aff'd sub nom. Lowinger v. Morgan Stanley & Co. LLC*, 841 F.3d 122 (2d Cir. 2016));

6

*Norton v. Town of Brookhaven*, 47 F. Supp. 3d 152, 155 (E.D.N.Y. 2014) (citing *Analytical Surveys, Inc.*, 684 F.3d at 52).

"Reconsideration 'is an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources.'" *Sigmon*, 229 F. Supp. 3d at 257 (quoting *Anwar v. Fairfield Greenwich Ltd.*, 164 F.Supp.3d 558, 560 (S.D.N.Y. 2016) (internal quotation marks omitted)). It is within the sound discretion of the district court whether or not to grant a motion for reconsideration. *See Gupta v. Attorney Gen. of United States*, 52 F. Supp. 3d 677, 679–80 (S.D.N.Y. 2014) (citing *Devlin v. Transp. Commc'ns Int'l Union*, 175 F.3d 121, 132 (2d Cir.1999); *Mendell In Behalf of Viacom, Inc. v. Gollust*, 909 F.2d 724, 731 (2d Cir. 1990), *aff'd sub nom. Gollust v. Mendell*, 501 U.S. 115, 111 S. Ct. 2173, 115 L. Ed. 2d 109 (1991)); *Callari v. Blackman Plumbing Supply, Inc.*, 988 F. Supp. 2d 261, 287 (E.D.N.Y. 2013) (citing *Kapsis v. Bloom*, No. 08 Civ. 3092, 2009 WL 414001, at *1 (E.D.N.Y. Feb. 17, 2009)). With these principles in mind, the Court turns to the instant motion.

### IV. APPLICATION

Defendants' counsel argues that there is "new evidence" that was previously unavailable which he believes warrants the Court's reconsideration of its March 28, 2019 Order. Specifically, Defendants argue that their issuance of new "good guy" letters renders this case moot and the deposition of Sposato thereby irrelevant. To the extent that Defendants contend the fresh "good guy" letters render Sposato's reopened deposition irrelevant, the Court disagrees. This motion is an unabashed attempt by Defendants to take a second bite at the apple of objecting to the scope of testimony which Plaintiffs seek to elicit from Sposato. These letters have no impact on the alleged conduct of Sposato at issue in this case, but rather they pertain to actions taken by the NCSD *after* Sposato's tenure. In addition, this "new information" was

7

available to Defendants prior to the Court issuing its March 2019 Order, but, for whatever reason, Defendants opted not to file any opposition to Plaintiffs' motion for reconsideration. It was not until a decision was rendered in Plaintiffs' favor on that motion that Defendants chose to bring NCSD's change in policy to the Court's attention. As such, the attempt by Defendants' counsel to use these letters as a vehicle to interpose arguments about to the relevancy of Sposato's testimony -- which Defendants had every opportunity to object to in opposition to *Plaintiffs'* motion for reconsideration, but elected not to -- is unconvincing. As such, the Court sees no reason to disturb its March 28, 2019 Order. *See Lima LS PLC v. Nassau Reinsurance Grp. Holdings, L.P.*, 160 F. Supp. 3d 574, 578 (S.D.N.Y. 2015) ("A motion to reconsider is 'not supposed to treat the court's initial decision as the opening of a dialogue in which [the party making the motion] may then use such a motion to advance new theories or adduce new evidence in response to the court's rulings.'" (alteration in original) (quoting *Polsby v. St. Martin's Press, Inc.*, No. 97 Civ. 690, 2000 WL 98057, at *1 (S.D.N.Y. Jan. 18, 2000))); *Goldstein v. State of New York*, No. 00 CIV. 7463 (LTS), 2001 WL 893867, at *1 (S.D.N.Y. Aug. 7, 2001) ("A motion for reconsideration should not relitigate issues already resolved by the court and should not be used 'to put forward additional arguments which the movant could have made, but neglected to make before judgment.'"), *aff'd,* 34 Fed. App'x 17 (2d Cir. 2002).

      Further, to the extent that Defendants seek dismissal of this action on mootness grounds, such application is improperly addressed to this Court in a motion to reconsider. Pursuant to the Federal Rules and this Court's Individual Rules, "[d]ispositive motions, such as motions to dismiss . . . must be made to the presiding district court judge." *See* Magistrate Judge Tomlinson's Individual Practice Rule III.B. If Defendants believe that the Court is now deprived of subject matter jurisdiction as a result of their issuance of new "good guy" letters, they have

8

every opportunity to proceed with dispositive motion practice before Judge Brown, the assigned District Judge.

V.     **CONCLUSION**

For the foregoing reasons, Defendants' motion for reconsideration is granted, and, upon reconsideration, the Court adheres to its original ruling of March 28, 2019 permitting the deposition of Defendant Sposato to be re-opened. Defendant Sposato's deposition is to be scheduled and completed within 60 days in light of the current global pandemic. Counsel are directed to confirm in writing that the deposition has been completed. Once the Court receives that information, it will set a telephone conference to select a deadline for any pre-motion conference requests to Judge Brown.[1]

**SO ORDERED:**

Dated: Central Islip, New York
       March 31, 2020

/s/ A. Kathleen Tomlinson
A. KATHLEEN TOMLINSON
United States Magistrate Judge

---

[1] This case was reassigned from Judge Hurley to Judge Brown on February 3, 2020.