UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

----------------------------------------------------------------X

ALEXANDROS PERROS, THOMAS DELLE, NICHOLAS LENOCI, VICTOR PATALANO, RONALD LANIER, and IBRAHIM ZAHRAN, Collectively on Behalf of All Persons Similarly Situated And/or Sheriff's Department Former Personnel Unfairly Denied Proper "Recommendation For Consideration Of Application For Pistol License For Retiring Peace [Police] Officer" Forms and/or "*Good Guy Letters*" Following Retirement, Due To Injury and or Disability,

                      Plaintiffs,

     - against -

COUNTY OF NASSAU, NASSAU COUNTY POLICE DEPARTMENT, NASSAU COUNTY SHERIFF'S DEPARTMENT, and SHERIFF MICHAEL SPOSATO, In His Individual And Official Capacities,

                      Defendants.

----------------------------------------------------------------X

FILED
CLERK
4:55 pm, Sep 30, 2021
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

**MEMORANDUM AND ORDER**

CV 15-5598 (GRB) (AKT)

**A. KATHLEEN TOMLINSON, Magistrate Judge:**

**I.    PRELIMINARY STATEMENT**

      Former Nassau County Sheriff Michael Sposato, a defendant in this action, was first deposed on June 28, 2018. Sheriff Sposato's deposition still has not concluded more than three years later due to ongoing disputes and extensive motion practice concerning the scope of the examination. The parties first contacted Chambers in the middle of the June 2018 deposition to resolve a dispute. The Court issued its rulings on the record that same day but Plaintiffs moved for reconsideration of those rulings in August 2018. In March 2019, the Court granted in part and denied in part Plaintiffs' motion for reconsideration and directed that Sheriff Sposato's

deposition be reopened to a limited extent. In April 2019, the Defendants filed a motion for reconsideration of the Court's March 2019 Order. The Court adhered to its prior rulings. Although the Court gave the parties 60 days to complete Sheriff Sposato's deposition, Defendants requested an extension of that deadline, which was reluctantly granted based on the circumstances presented at that time. The deposition was to be completed no later than August 4, 2021 and the Court advised the parties that the deadline would not be further extended. The Court also cautioned Defendants that any failure to produce Sheriff Sposato would result in further action by the Court. The reopened Sposato deposition was then held on July 30, 2020, at which time the parties once again contacted Chambers to resolve a dispute as to the scope of questioning. Sheriff Sposato had been instructed not to answer certain questions which Plaintiffs' counsel believed were appropriate based upon the Court's prior Orders. The Court was conducting a lengthy criminal proceeding at that time, Plaintiffs' counsel was directed to mark the transcript for a ruling and to file a written application. The instant motions followed.

In addition to seeking to compel Sheriff Sposato to appear for a reopened deposition, Plaintiff also requests sanctions due to Defendants' alleged non-compliance with Court Orders. *See* Plaintiffs' Memorandum of Law in Support of Motion to Compel the Further Deposition and Responsiveness of Defendant Michael Sposato and for a Finding of Contempt and Sanctions ("Pls.' Mem.") [DE 94-1]. The Defendants have cross-moved for a protective order to limit the questions which may be directed to Sheriff Sposato. *See* Defendants' Memorandum of Law in Support of Cross-Motion and in Opposition to Plaintiffs' Motion to Compel ("Defs.' Mem.") [DE 99-2]. For the reasons which follow, Plaintiffs' motion is GRANTED, in part, and DENIED, in part. Defendants' motion for a protective order is GRANTED, in part.

## II. BACKGROUND

### A. The Motions for Reconsideration

The Court presumes the parties' familiarity with Plaintiffs' original August 17, 2018 motion for reconsideration and the Defendants' April 8, 2019 motion for reconsideration. *See* Plaintiffs' Memorandum of Law in Support of Motion for Reconsideration ("Pls.' Recon. Mot.") [DE 75-1]; Memorandum of Law in Support of Defendants' Motion for Reconsideration ("Defs.' Recon. Mem.") [DE 79-1]. The Court briefly summarizes the parties' motions and the resulting rulings as follows.

During Sposato's deposition on June 28, 2018, Plaintiffs' counsel asked Sposato whether "during [his] tenure working either for the Town of Oyster Bay or the County of Nassau [he was] the subject of any charges or disciplines?" *See* March 28, 2019 Order at 2 (quoting Deposition Transcript of Michael Sposato ("Dep. Tr."), annexed to Pls.' Recon. Mot. as Ex. A, at 26:24-27:3). Defendants' counsel objected to this question on grounds of relevancy. Dep. Tr. at 27:4-6. After the parties contacted the Court for a ruling, and after hearing arguments from both sides, "the Court limited the scope of the question to the timeframe of Sposato's tenure as sheriff – a period of ten years." March 28, 2019 Order ("March 2019 Order") [DE 78] at 2. Plaintiffs' counsel reserved the right to make a further application to the Court on this subject and later obtained leave to file a motion for reconsideration.

In their motion for reconsideration, Plaintiffs asserted that they were presenting new evidence to the Court that was previously unavailable at the time the Court made its oral ruling. That "new evidence" was essentially the further testimony of Sposato after the Court's previous ruling during the deposition. After counsels' colloquy with the Court, Sposato testified about training he received in 1994 as a cook and kitchen supervisor at the jail prior to his attaining a

3

position in the Sheriff's Office. Plaintiffs' counsel argued that any disciplinary actions Sposato was subject to during the period he received this training are relevant because if Sposato failed to follow such training or policies, that would have an impact on his credibility. Sposato also testified that during his tenure as Sheriff, there was no one "above [him]" in the Sheriff's Department to make determinations on charges or discipline lodged against him. Dep. Tr. at 41:11-42:5; 66:11-12. As such, Plaintiffs' counsel argued that Sposato's disciplinary record prior to becoming Sheriff is relevant and properly within the scope of discovery since, during his tenure as Sheriff, Sposato did not receive any relevant training, nor was he subject to disciplinary action by any person or entity within the Sheriff's Department. Putting the question of admissibility at trial aside, the Court stated that this information might could be relevant to the issues to be resolved in this case and granted Plaintiffs' motion to the following extent:

> The Court will allow Plaintiffs' counsel to re-open the deposition of former Sheriff Sposato in order for Sposato to answer Plaintiffs' questions about any "prior charges and disciplines" during his tenure working in the Nassau County Jail beginning in 1994. Plaintiffs are not permitted to pursue further questioning regarding Mr. Sposato's prior employment with the Town of Oyster Bay or any earlier employer.

March 28, 2019 Order at 9.

The Defendants, who did not then oppose or respond to Plaintiffs' motion for reconsideration, filed their own separate motion for reconsideration of the Court's March 2019 Order. *See generally* Defs.' Recon. Mem. Defendants argued that new information was obtained after Plaintiffs' motion was filed which "compel[s] the conclusion that the information sought by plaintiffs [during Sposato's deposition] is irrelevant to the issues of this case" and renders "this action . . . moot." *Id.* at 1. Specifically, Defendants asserted that in January 2019, under the helm of Sheriff Vera Fludd, the Nassau County Sheriff's Department ("NCSD") changed its policy with respect to the "good guy" letters at issue in this case. According to

4

Defendants, a change was made "to the effect that the revised form of the letter no longer contains any recommendation by NCSD as to whether the retired officer should or should not obtain a pistol license from NCPD, which under New York State law possesses the sole authority . . . to issu[e] . . . pistol licenses in Nassau County." *Id.* at 4 (citation omitted).

In its March 31, 2020 Order, the Court disagreed with Defendants and determined that the issuance of new "good guy" letters did not moot this case nor render Sheriff Sposato's deposition testimony irrelevant. *See* March 31, 2020 Order ("March 2020 Order") [DE 87] at 7-8. Noting that Defendants (1) did not oppose Plaintiff's motion for reconsideration and (2) waited to file their own motion for reconsideration until after a decision was rendered in Plaintiff's favor, the Court found Defendants' motion to be "an unabashed attempt . . . to take a second bite at the apple of objecting to the scope of testimony which Plaintiffs seek to elicit from Sposato." *Id.* at 7. As such, the Court adhered to its rulings of March 28, 2019. *Id.* at 9. The Court then directed Sheriff Sposato's deposition to be reopened and to be completed within 60 days. *Id.* at 9.

      **B.**    **Sheriff Sposato's Reopened Deposition**

On May 19, 2020, the Defendants filed a request for a 60-day extension of the deadline to complete Sheriff Sposato's re-opened deposition due to the COVID-19 pandemic. *See* DE 88. In light of the fact that the deposition would have to be conducted remotely, Defendants' counsel, Attorney Reissman, argued that his client would be prejudiced by a remote deposition since he would be unable to prepare and represent Sheriff Sposato in person. Attorney Reissman also noted that Sheriff Sposato was uncomfortable testifying without Attorney Reissman being with him. In light of the fact that Defendants did not indicate whether Plaintiffs consented, the

5

Court deferred ruling on this request. *See* May 20, 2020 Electronic Order. Plaintiffs then advised the Court that they did not consent. *See* DE 90.

On July 9, 2020, the Plaintiffs filed a motion to compel because they continued to try to have Defendants to produce Sheriff Sposato but were informed by Attorney Reissman that Sposato did not want to be deposed by video and did not have access to a computer with a camera. *See* DE 91. Plaintiffs also requested that sanctions be imposed if Sheriff Sposato did not appear for his deposition. Attorney Reissman filed a response on July 14, 2020 to advise the Court that the County had obtained technological capabilities to hold depositions remotely and that the parties could reschedule Sposato's deposition. *See* DE 92. The Court granted Plaintiffs' motion and directed Defendants to produce Sheriff Sposato for his limited continued deposition, which was to be completed no later than August 4, 2020. *See* July 15, 2020 Electronic Order. The Court put the parties on notice that this deadline would not be further extended and any failure to produce Sheriff Sposato as directed would result in further action by the Court. *Id.*

The reopened deposition of Sheriff Sposato was eventually conducted on July 30, 2020; however, disputes arose which once again prevented the deposition from being completed. The Court summarizes the relevant portions of the transcript as follows. The witness was asked if he had ever been subjected to any charges, allegations, or disciplines related to his job dating back to 1994. *See* Continued Deposition of Michael Sposato Transcript ("Cont. Dep. Tr.") [DE 93-1] at 233-34. Sheriff Spostato testified that he believed he was reprimanded "at one point over 20 years ago in [his] career. . . . [T]here could have been a reprimand of a discipline internally in the Sheriff's Department, but . . . I've never been charged with a crime . . . ." *Id.* at 234. Although the witness could not recall what the reprimand was for, he stated that the reprimand was not of the nature that rose to the level of suspension. *Id.* at 234-35. He believed the

6

reprimand could have been related to sick time in the late '90s. *Id.* at 235. Attorney Brewington then asked Sheriff Sposato if he had ever been arrested or subjected to criminal charges, to which the witness responded that he had not. *Id.* at 235-36. Counsel asked Attorney Reissman if there were any documents related to the reprimand referenced by Sposato.. *Id.* at 236. Attorney Reissman stated he was not aware of any, but admitted that no search was conducted for such documents. *Id.* at 237. The two attorneys then had a conversation off the record; when they returned, they had a discussion about Sposato's personnel file. *Id.* at 239. Attorney Brewington noted that he had made prior written requests for this file which Defendants had not produced and renewed the request on the record. *Id.* at 239-40. On the subject of the personnel file, Attorney Brewington asked the witness if he had seen the personnel file, when he last saw it, and if he had a copy of it. *Id.* at 241. Sposato stated he has seen his personnel file before but does not have a copy of it nor could he recall the last time he reviewed it. *Id.* He could not remember if there were any records of the "sick-time" discipline in his file. *Id.* at 241-42.

Attorney Brewington then asked the following question: "Q: During your tenure working at the Nassau County Jail or correctional facility, have you ever been handcuffed as a result of any charges or specifications or allegations of crime?" *Id.* at 243. Attorney Reissman objected to this question on relevancy grounds and directed Sposato not to answer. *Id.* 243-44. At this point, Attorney Brewington contacted the Court to obtain a ruling. *Id.* at 244. The Law Clerk spoke with the parties and was informed that Defendants objected to the question because it unreasonably annoys and embarrasses the witness and is not relevant to whether Sposato had prior charges or disciplines since the only reprimand he recalled pertained to sick time which likely has nothing to do with handcuffs. *Id.* at 248. In response, Attorney Brewington believed his question specifically pertained to any charges, specifications, or allegations while Sposato

7

was "on the job" after 1994, which he claims to be within the scope of the Court's prior rulings. *Id.* at 249. Attorney Brewington also noted the witness was not being fully responsive and that he had renewed his request for the witness's personnel file, which had yet has yet to be provided. *Id.* at 249-50. The Law Clerk advised the parties the Court would attempt to conference with them prior to the conclusion of the deposition and asked counsel to use their best efforts to continue in the interim.

      Attorney Brewington then asked Sheriff Sposato: "Q: Mr. Sposato, have there ever been any allegations of wrongdoing for which you have been presented in any form while working at the Nassau County jail and/or correctional facility?" *See* Cont. Dep. Tr. at 253. The witness asked Attorney Brewington to repeat the question, which was rephrased: "Q: Have there ever been any allegations of wrongdoing which have been presented to you, raised to you while you were employed at the Nassau County correctional facility, the Nassau County jail, since 1994 through your entire tenure?" *Id.* Attorney Reissman permitted Sheriff Sposato to answer the question, but the witness did not understand it. *Id.* at 254. The witness acknowledged that he knew what an allegation, charge, specification, and claim of wrongdoing was. *Id.* When he was asked again whether any of those accusations were brought to his attention, he could not recall any specific allegations but knew allegations were made. *Id.* He believed there were allegations made by a newspaper, in the press, or by unions. *Id.* at 254-55. He could not recall the allegations by the press but stated the unions did not like "different management things" or how he managed the facility. *Id.* at 255-56. Attorney Brewington then asked if he was handcuffed for any of those allegations, a question to which Attorney Reissman reiterated his prior objection. *Id.* at 256. Attorney Reissman then objected to further questions which asked Sheriff Sposato if he had been subjected to allegations of wrongdoing from 1994 onwards that led to his removal

from the jail, if he had been removed from the jail contrary to agreeing to be taken away by law enforcement officers, and if he had been escorted out of the jail by law enforcement officers due to an allegation. *Id.* at 256-57. Attorney Reissman stated that the witness would not answer without a ruling from the Court.

Attorney Brewington began a new line of questioning which asked Sheriff Sposato if he had ever been represented by a lawyer for any charges or allegations of wrongdoing from 1994 onwards during his tenure working for the County. *Id.* at 258-59. The witness stated he had a lawyer but not because of charges and that he was never charged with anything. *Id.* at 259. The witness could not recall the specific case he was being represented for nor was he able to recall how many times he had a private lawyer related to any charges or allegations. *Id.* at 259-60. He believed he only had a private lawyer once but could not recall what the allegation against him pertained to. *Id.* at 260.

While the parties were taking a break, the Court's Law Clerk called counsel back and directed Plaintiffs' counsel to make a written application regarding the outstanding dispute. *Id.* at 262-63. At this point, Plaintiffs' counsel noted that there were additional "snags" hatwhich arose after initially speaking with the Law Clerk which he would incorporate into the application. *Id.* at 265. The deposition concluded shortly thereafter. An exchange between counsel took place on the record in which Attorney Reissman stated that Sheriff Sposato does not recall matters which took place more than 20 years ago. *Id.* Attorney Reissman believed the best course of action at that point was to provide Attorney Brewington with a redacted personnel record and then return for a further deposition. *Id.* at 265-66. Attorney Brewington appears to have reluctantly agreed to this approach and thought Attorney Reissman should attempt to refresh the witness's recollection prior to a third deposition. *Id.* at 266-67. Attorney Brewington

then requested a copy of Sheriff Sposato's personnel file once again. *Id.* Counsel then adjourned the deposition. *Id.* at 267-78.

### C. The Parties' Motions

On September 2, 2020, Plaintiffs filed a motion to compel the further deposition of Sheriff Sposato along with a request for sanctions due to Defendants' non-compliance with Court Orders. *See* Pls.' Mem. at 1. According to Plaintiffs, the line of questioning pursued by Attorney Brewington was directly related to the information sought in Sheriff Sposato's previous deposition and referenced by the Court in its rulings on the motions for reconsideration. *See id.* at 9-10. Plaintiffs refer the Court to the March 2019 Order which permitted Plaintiffs to reopen Sposato's deposition and to ask questions about any "prior charges and disciplines" during his tenure with the jail beginning in 1994. *Id.* at 10. Against this backdrop, Plaintiffs contend that they attempted to conclude Sposato's deposition by probing and asking questions about being handcuffed while on the job and being escorted out of the jail by law enforcement. *Id.* at 10-11. Plaintiffs then summarily argue that the "handcuff" questions were not annoying or embarrassing and that Defendants' relevancy objection was improper. *Id.* at 12. Plaintiffs also contend that Attorney Reissman and Sheriff Sposato have frustrated their efforts to conduct this deposition and have engaged in prejudicial tactics to delay its conclusion. In particular, Plaintiffs contend that reasonable and relevant questions were asked about prior charges and disciplines and Defendants still do not have "a straight answer" to these questions despite the passing of two years since the original deposition in June 2018. *Id.* at 12-13. Plaintiffs also point to areas of the deposition transcript where Sposato could not recall certain information on at least 16 occasions which, according to Plaintiffs, pertain to information for which it "is not plausible . . . this witness would have no[] memory of." *Id.* at 14. Plaintiffs also note that Attorney Reissman

10

directed Sposato not to answer questions at least 7 times. *Id.* For those reasons, Plaintiffs request that Defendants produce Sposato for another deposition and turn over the documents requested during the deposition. *Id.* Plaintiffs also seek sanctions against Defendants pursuant to Rule 30(d) and 37(a)(5)(A) in the form of a contempt finding, deeming any of Defendants' potential objections waived, and reimbursement of Plaintiffs' attorneys' fees and costs for the re-opened deposition, continued deposition and the instant motion. *Id.*

In response, Defendants filed a cross-motion for a protective order to prevent Plaintiffs from asking Sposato further questions about his criminal and arrest history beyond what was asked and answered at the continued deposition, *i.e.*, being placed in handcuffs and related questions. *See* Defs.' Mem. at 1. Defendants do, however, agree to produce Sposato for a third deposition for further questioning limited to "charges and disciplines." *Id.* at 4. Regarding the questions of whether Sposato was handcuffed, Defendants' reiterate the basis of their objection previously raised to the Court, *i.e.*, that such questions are unreasonable, annoying, embarrassing, and irrelevant. *Id.* at 5. Given the fact that Sposato testified he was never arrested or charged with a crime, Defendants contend that the handcuff questions do not address any claims or defenses in this case and are meant to annoy, harass, and embarrass Sposato. *Id.* at 5-6. Defendants' cross-motion also opposes Plaintiffs' request for a finding of contempt and sanctions. *Id.* at 1, 6-7. Defendants submit that Sposato was not acting in bad faith when he could not recall the answers to a variety of questions but rather, he was unable to answer them because they sought information covering a 26-year period of employment beginning in 1994. *Id.* Defendants also contend that Attorney Reissman did not act in bad faith because he has agreed to produce Sposato for a continued deposition. *Id.* at 7. On September 14, 2020, Defendants filed another opposition brief to Plaintiffs' motion which appears virtually identical

11

to the cross-motion. *See* DE 100. In light of the similarity of the two documents, the Court will not summarize the second filing here. The Court raised this issue with counsel and Attorney Reissman indicated that both filings were made because he wanted to ensure Defendants were "protected by both an offensive tactic in the cross-motion and in a defensive posture." *See* September 16, 2020 Electronic Order; DE 101. Plaintiffs' counsel was instructed to respond to Defendants' submissions separately. *See* October 19, 2020 Order [DE 103].

Plaintiffs filed opposition to Defendants' cross-motion contending that Sposato should not be shielded from answering any further questions of wrongdoing, as the Court has already determined Plaintiffs are entitled to such information. *See* Memorandum of Law in Support of Plaintiffs' Opposition to Defendants' Cross-Motion ("Pls.' Opp'n") [DE 104] at 10. It is Plaintiffs' position that Sposato's actions are motived by his willingness to disregard the recommendations of other persons in the NCSD to approve "good guy letters" *Id.* at 11. Plaintiffs also argue that the series of questions on pages 234 through 267 "make it clear this witness has created questions of credibility and bias in his attempts to avoid giving direct and clear answers." *Id.* According to Plaintiffs, Sposato played word games and was unable to answer straightforward questions, *i.e.*, whether "there have ever been any allegations of wrongdoing which have been presented to you, raised to you while you were employed at the Nassau County correctional facility, the Nassau County jail, since 1994 through your entire tenure?" *Id.* Plaintiffs also contend the fact that Sposato was never arrested or charged with a crime does not prevent Plaintiffs from asking "other relevant and related questions." *Id.* at 14.

Defendants' reply reiterates their arguments concerning the harassing nature of the Plaintiffs' handcuff questions. *See* Defendants' Reply Memorandum of Law in Further Support

12

of Cross-Motion ("Defs.' Reply") [DE 105].  Defendants also disagree with Plaintiffs' contention that Sposato's responses created questions of credibility and bias.  *Id.* at 1-2.

Plaintiffs then filed a reply brief on their motion to compel.  *See* Memorandum of Law in Reply to Defendants' Opposition to Plaintiffs' Motion to Compel and for Sanction ("Pls.' Reply") [DE 106].  There, Plaintiffs argue that a relevancy objection is not a valid basis for refusing to answer a deposition question and that the Court's Orders did not limit the scope of questioning to exclude arrests and criminal charges.  *Id.* at 1-3.  Plaintiffs also contend that Defendants' refusal to answer questions on being escorted or removed from the jail by law enforcement denied Plaintiffs the opportunity to evaluate Sposato's motives, bias, intent, and prejudice which would cause him to discriminate against Plaintiffs.  *Id.* at 1-2.  Lastly, Plaintiffs reiterate their request for sanctions and note that the request is not only based on Sposato's inability to recall certain information, but due to his "evasive responses and the multiple instructions by counsel to have [him] not answer questions."  *Id.* at 6.

### III.  ANALYSIS

#### A.  Plaintiffs' Motion to Compel and Defendants' Cross-Motion for a Protective Order

At the outset, the Court notes that Sheriff Sposato was unable to recall the answers to Plaintiffs' questions which specifically pertained to any disciplinary allegations or charges against him since 1994 -- the very purpose of this Court-Ordered limited deposition. Attorney Reissman's protestation that the witness was unable to answer these questions because they pertained to incidents which may have occurred more than 20 years ago might seem reasonable in another context.  It is not lost on the Court that this perceived inability was further impeded by Attorney Reissman's actions (and omissions) as well.  The circumstances here are of Attorney Reissman's own making.  He had an obligation to turn over Sheriff Sposato's personnel records,

13

even in redacted form if appropriate, when the original discovery demands were served in this case. The fact that they were still being withheld at the time of the reopened Sposato deposition is incomprehensible. Likewise, it seems apparent that Attorney Reissman did not review the file with former Sheriff Sposato before the reopened deposition – equally astounding. Sposato himself testified that he could not remember when he last looked at his personnel file. Although there is much at dispute in the instant motions, the parties do agree that Sheriff Sposato should be produced, once again, to answer ***the specific questions the Court authorized regarding disciplinary charges***. As such, the Plaintiffs' motion to compel Sposato to appear for a further deposition is GRANTED to the extent set forth below.

The Court's prior Orders authorized Plaintiffs' counsel to ask questions about any "prior charges and disciplines" during Sposato's tenure working in the Nassau County Jail beginning in 1994. To the extent that Plaintiffs contend these Orders encompass the ability to inquire about Sposato's criminal history, the Court disagrees. The Court did not issue Plaintiffs's counsel *carte blanche* to embark on a fishing expedition into Sheriff Sposato's purported criminal history. It envisioned and stated that Plaintiffs were to focus on disciplinary actions or allegations against Sposato arising out of conduct in the workplace while Sposato was employed by the Nassau County Jail. For example, Plaintiffs' original motion for reconsideration sought information pertaining to any disciplinary actions or charges taken against Sposato for failing to adhere to the training he received for doing "something contrary to the Sheriff's Department's rules and procedures." *See* Pls.' Recon. Mot. at 5-6. There was no explicit request to inquire into Sposato's criminal history -- only his disciplinary history. The only narrow exception here is if Sposato were ever arrested in conjunction with a complaint or disciplinary charge brought against him in his duties while holding various positions at the jail. Sposato's testimony was

14

clear that he had never been charged with a crime or even arrested. Cont. Dep. Tr. at 235-36. The most serious transgression the witness alluded to in his deposition testimony pertained to a disciplinary reprimand in the late 1990s about sick time which did not result in any sort of suspension. *See id.* at 235. The Court therefore finds no need to inquire further about Sposato's criminal history nor why Plaintiffs are entitled to such information. To resolve this issue once and for all, the Court will permit Plaintiffs' counsel to ask this question, as restricted above, at the re-opened deposition once all parties have reviewed Sposato's personnel file.

As to Attorney Brewington's venture into questioning Sposato about ever having been handcuffed or having been removed involuntarily from the correctional facility, the Court finds this expedition which attempts to gather character information (or credibility assessments) regarding Sposato is inappropriate and beyond the scope of what the Court permitted in its prior Orders. Plaintiffs' counsel has not and did not present a single document -- even the newspaper article he referenced during the deposition – which might have established a good faith basis for pursuing the random, non-contextual questions posed. The Court will not permit the discovery process here to turn into a mini-trial of Sheriff Sposato's career in law enforcement when this case first and foremost is directed to the issue of "good guy letters" as set forth in the Complaint. The Court is also mindful that the personnel file issue was only recently addressed.[1] At the

---

[1] The Court notes that a partially redacted copy of Sposato's personnel file was finally turned over to Plaintiffs in September 2020. *See* Defs.' Reply at 2 n.1. After doing so, Defendants realized that further redactions were required and asked Plaintiffs to delete the electronic transmission. *Id.* Defendants also asked Plaintiffs to execute a confidentiality agreement prior to Defendants sending the properly redacted personnel file; however, Plaintiffs have apparently refused to sign such an agreement. Defendants have not requested affirmative relief nor filed a motion which addresses the appropriateness of a confidentiality agreement under these circumstances. As such, the Court declines to take any action on this issue at this time.

reopened deposition, the Court will permit Plaintiffs' counsel to ask the single question: "Were you ever handcuffed and/or involuntarily removed from the correctional facility in conjunction with a complaint or charge brought against you concerning the exercise of your duties at the facility." If the answer is yes, counsel may follow up with respect to the specific circumstances. If the answer is no, the questioning ends there.

For the foregoing reasons, Plaintiffs' motion to compel is granted in part and denied in part. Defendants' cross-motion for a protective order is granted in part.

### B.   Plaintiffs' Request for Sanctions

As noted above, Plaintiffs seek sanctions pursuant to Rule 30(d)(2) and Rule 37 in the form of a contempt finding, an order deeming "all of the County's potential objections waived," and attorney's fees and costs related to Plaintiffs' motion to compel, the reopened deposition of Sposato, and what counsel anticipated would be the further deposition of Sposato.

The imposition of sanctions under Rule 37 lies within the broad discretion of the district court. *See Corporation of Lloyd's v. Lloyd's U.S.,* 831 F.2d 33, 36 (2d Cir. 1987). In addition, Rule 37 "is most relevant when a party fails to comply with a court order to produce discovery or fails to produce to an adversary relevant, requested information." *See Jung v. Neschis*, No. 01-CV-6993, 2009 WL 762835, at *13 (S.D.N.Y. March 23, 2009). Plaintiffs move for sanctions pursuant to Rule 37(a)(5)(A) which provides:

> If the motion is granted—or if the disclosure or requested discovery is provided after the motion was filed—the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees. But the court must not order this payment if:
>
> (i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;

16

>> (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or
>
> (iii) other circumstances make an award of expenses unjust.

Fed. R. Civ. P. 37(a)(5)(A). However, Plaintiffs' motion papers do not refer to Rule 37(a)(5)(C), which provides: "If the motion is granted in part and denied in part, the court may issue any protective order authorized under Rule 26(c) and may, after giving an opportunity to be heard, apportion the reasonable expenses for the motion." Fed. R. Civ. P. 37(a)(5)(C). Because Plaintiffs' motion to compel was granted in part and denied in part, Plaintiffs' motion is governed by Rule 37(a)(5)(C) as opposed to Rule 37(a)(5)(A). *See Ganci v. U.S. Limousine Serv., Ltd.*, No. CV 10-3027, 2012 WL 13109965, at *2-3 (E.D.N.Y. Sept. 28, 2012).

The Plaintiffs' motion to compel asked the Court to overrule Defendants' objections to a number of questions Plaintiffs asked during the deposition of Sposato which Plaintiffs believed they were entitled to based upon the Court's prior Orders. For the reasons set forth above, the Court disagreed with the Plaintiffs' interpretation of those Orders and has limited the scope of questioning the Plaintiffs are permitted to ask at a further deposition of Sposato. Given the mixed results of Plaintiff's motion to compel, the Court finds it appropriate for each side to bear its own expenses regarding the completion and filing of the instant motions. *Ganci v. U.S. Limousine Serv., Ltd.*, No. CV 10-3027, 2012 WL 13109965, at *2-3 (E.D.N.Y. Sept. 28, 2012) (finding it appropriate for each side to bear their own expenses and declining to impose Rule 37 sanctions); *Safespan Platform Sys., Inc. v. EZ Access, Inc.*, No. 06-CV-726, 2011 WL 7473467, at *5 (W.D.N.Y. Dec. 30, 2011) (same); *Schanfield v. Sojitz Corp. of Am.*, 258 F.R.D. 211, 217 (S.D.N.Y. 2009) (declining to apportion reasonable expenses pursuant to Rule 37(a)(5)(C) "given the mixed results of the motion and the history of discovery disputes").

However, the Court has also found that a further limited deposition of Sheriff Sposato is necessary here – as a result of the course of conduct by the Defendants. The Court will, therefore, impose a sanction upon the Defendants on this basis. Specifically, Defendants shall pay all costs associated with the upcoming reopening of Sheriff Sposato's deposition, including the court reporter, the record, any travel expenses necessitated, and the fees of Plaintiffs' counsel (limited to the time spent in the re-opened deposition) -- pursuant to Rule 30(d)(2) as opposed to Rule 37. Rule 30(d)(2) provides that the Court "may impose an appropriate sanction—including the reasonable expenses and attorney's fees incurred by any party—on a person who impedes, delays, or frustrates the fair examination of the deponent." Plaintiffs' request for any further sanctions, including a finding of contempt, is denied.[2]

The reopened deposition of Sheriff Sposato is to be completed by November 12, 2021. The Court will not extend this date.

**IV.   CONCLUSION**

For the foregoing reasons, Plaintiffs' motion to compel is GRANTED, in part, and DENIED, in part. Defendants' motion for a protective order is GRANTED, in part. The further reopened deposition of Sheriff Sposato is to be completed by November 12, 2021. **This deadline will not be extended under any circumstances.** Counsel are directed to file a letter

---

[2] Plaintiffs filed a notice of supplemental authority on November 18, 2020 to advise the Court of a decision from 2017, *Cordero v. City of New York*. *See* DE 107; *Cordero v. City of New York*, No. 15 CV 3436, Order [DE 91] (E.D.N.Y. Mar. 12, 2017). Plaintiffs provide no context as to why this decision was submitted other than a general statement that Plaintiffs believe *Cordero* "has relevance to the issues raised by the pending motions." *See* DE 107. The Court has reviewed *Cordero* and finds it distinguishable from the instant case. *Cordero* granted sanctions pursuant to Rule 30(d)(2) based upon defense counsel's ongoing speaking objections (which were made after the court directed counsel not to do so), aggressive behavior, repeated instructions to not answer basic questions, and threats to discontinue the deposition. Such circumstances are not present here. Attorney Reissman's instructions to Sposato to not answer certain questions were based upon objections that the Court has to a degree here sustained.

within one week advising the Court of the date the deposition will be conducted and the manner in which it will be conducted.

**SO ORDERED.**

Dated: Central Islip, New York
September 30, 2021

/s/ A. Kathleen Tomlinson
A. KATHLEEN TOMLINSON
United States Magistrate Judge