

# THE LAW OFFICES OF
# FREDERICK K. BREWINGTON

***Attorneys and Counselors at Law***

556 Peninsula Blvd., Hempstead, New York 11550
Phone: 516-489-6959 • Fax: 516-489-6958 •
www.brewingtonlaw.com

Frederick K. Brewington
Albert D. Manuel III
Leah Jackson
Cobia M. Powell

Of Counsel
Oscar Holt III
Jay D. Umans

November 10, 2023

**<u>*VIA ELECTRONIC CASE FILING*</u>**
Honorable Gary R. Brown
United States District Court Judge
United States District Court
Eastern District of New York
Long Island Federal Courthouse
100 Federal Plaza
Central Islip, New York 11722

> **Re:     *Perros, et.al. v. County of Nassau***
> <u>***Docket No.: CV-15-5598 (GRB)(ARL)***</u>

Dear Judge Brown:

As you are aware, we are the attorneys representing the Plaintiffs in the above referenced matter. We write this pre-motion letter seeking the opportunity to have the Court evaluate Plaintiff's application for Summary Judgment in this case. The basis for this motion is clearly support by law and the applicable facts.

In their letter to the Court dated July 11, 2023, found at Docket Entry 132, the Defendants state the following:

> "After plaintiffs commenced the action under 42 U.S.C. § 1983, as a direct result of plaintiff's lawsuit, newly appointed Sheriff Vera Fludd changed the policy to the effect that officers who retired due to disability are now entitled to receive 'good guy' letters, enabling Corrections Officers who retired due to disability, with no other negative factors in their records, to successfully apply to the Police Department for pistol permits. Sheriff Fludd did in fact issue 'good guy' letters to all six plaintiffs, and they have all received pistol permits".

The statements of Defendants go further, they admit that "Plaintiffs are thus the "prevailing parties" in this action on the two remaining claims, i.e.., Equal Protection under the Fourteenth Amendment, and a *Monell* claim. Plaintiffs are therefore entitled to attorney's fees under 42 U.S.C. § 1988. "Plaintiffs' success was substantial and they are, therefore, clearly prevailing parties under § 1988. *See Hensley v. Eckerhart*, 461 U.S. 424 (1983)."

Plaintiffs' evaluation of Defendants position leaves little doubt that Defendants have now provided a total admission of liability to the allegations as were pleaded and supported by the entire record amassed in the discovery process. Further, Plaintiffs agree with Defendants that they are "prevailing parties" on both of their remaining claims (there remain issues which are subject to appeal)

of Equal Protection based on their  disabilities, and their *Monell* claim which unquestionably demonstrates an overt policy and practice of discrimination against disabled retired former Correction Officers.

This scope of relief is stated throughout the First Amended Complaint.  For Defendants to now argue that "plaintiffs have received full and fair compensation and are not entitled to further compensatory damages in any dollar amount" demonstrates a level of denial that is unsupported by law. Indeed their position is clearly contrary to any reasonable evaluation of the circumstances which were created by the official discrimination to which Plaintiffs were subjected. While Defendants have admitted their wrongdoing, that does not end of the evaluation.  Indeed, "[t]here must be an evidentiary basis for the damages sought by plaintiff, and a district court may determine there is sufficient evidence either based upon evidence presented at a hearing or upon a review of detailed affidavits and documentary evidence." *Cement & Concrete Workers Dist. Council Welfare Fund, Pension Fund, Annuity Fund, Educ. & Training Fund & Other Funds v. Metro Found. Contractors Inc.*, 699 F.3d 230, 234 (2d Cir. 2012).

The case law is clear that compensatory damages may include not only out-of-pocket loss and other monetary harms, but also such injuries as "impairment of reputation ..., personal humiliation, and mental anguish and suffering." *Gertz v. Robert Welch, Inc.*, 418 U.S. 323, 350, 94 S.Ct. 2997, 3012, 41 L.Ed.2d 789 (1974). See also  *Carey v. Piphus*, 435 U.S. 247, 264 (1978)(mental and emotional distress constitute compensable injury in § 1983 cases).*See  Memphis Community Sch. Dist. v. Stachura*, 477 U.S. 299, 307(1986) (holding that compensatory damages may include damages for injuries such as " 'impairment of reputation ..., personal humiliation, and mental anguish and suffering' ") (citations omitted). Further, Plaintiffs are entitled to and may recover punitive damages. "Punitive damages may be awarded for violations of federal law where a defendant acts with 'reckless or callous disregard for the plaintiff's rights, [and] intentional[ly] violat[es] federal law.' " *Ragin v. Harry Macklowe Real Estate Co.*, 6 F.3d 898, 909 (2d Cir.1993) "The terms 'malice' or 'reckless indifference' pertain to the employer's knowledge that it may be acting in violation of federal law, not its awareness that it is engaging in discrimination." *Kolstad v. Am. Dental Ass'n*, 527 U.S. 526, 535 (1999).  Here the Defendants have admitted their knowledge of their wrongful acts and the determination of how they should be punished is yet to be agreed to by the Defendants. They had a chance to settle this matter an rejected that opportunity.

"A motion for summary judgment may be granted only when there is no genuine issue of material fact remaining for trial and the moving party is entitled to judgment as a matter of law." *Tomka v. Seiler Corp.*, 66 F.3d 1295, 1304 (2d. Cir. 1995).   This is one of those rare occasions when there is no genuine issue of material fact.  Defendants' current position on damages for these six Plaintiffs is untenable and contrary to the law.  Their attempt to deny Plaintiffs compensatory and punitive damages following their abuse by Defendants is contrary to what would be just and appropriate in this matter. Accordingly, Plaintiffs ask that the Court issue an Order granting Summary Judgment on liability to them and then address the issue of damages and fees.

We thank the Court for its kind consideration in this matter.

Respectfully submitted,

*Frederick K. Brewington*

FREDERICK K. BREWINGTON

cc:    Ralph Reissman, Esq. (via ecf)
       FKB:pl

2