**BRUCE A. BLAKEMAN**
County Executive

**THOMAS A. ADAMS**
County Attorney

## COUNTY OF NASSAU
### OFFICE OF THE COUNTY ATTORNEY

April 23, 2025

Via ECF
Honorable Gary R. Brown
United States District Court
100 Federal Plaza
Central Islip, New York 11722

Re:  Perros v. County of Nassau (15-CV-05598) (GRB)(ARL)

Your Honor:

This office represents defendants, County of Nassau and Nassau County Sheriff Michael Sposato in the above-referenced action. Pursuant to the Court's directive, defendants hereby respond to the April 9, 2025 letter of plaintiffs' counsel, Frederick K. Brewington, Esq. [DE141] in which he claims that defendants are not willing to mediate this case in good faith.

Unfortunately, Mr. Brewington misrepresents the history of our past and most recent conversations regarding potential settlement of this case through mediation. He asks the Court to direct defendants to "promptly mediate [this case] in good faith." In fact, in Summer 2024 Mr. Brewington and I selected Barry Peek, Esq. a mediator in the Eastern District's panel of mediators, to hear this case. However, in preparing our position statements for Mr. Peek, it became clear that the parties were so far apart in their evaluations of what a fair settlement could be, Mr. Peek, Mr. Brewington and I understood that mediation would not succeed, and the parties mutually agreed to withdraw from mediating the case with Mr. Peek.

Since all parties now recognize that mediation will not resolve this case, and since defendants previously conceded liability on the two remaining claims, namely, Equal Protection under the Fourteenth Amendment as well as *Monell* liability, the parties requested that an inquest be conducted by Your Honor to determine the amount of damages to which plaintiffs may be entitled.

In plaintiffs' most recent settlement demand, contained in Mr. Brewington's April 15, 2025 email message to me, he stated, "As you are aware there are a total of six (6) Plaintiffs. We have appropriately gauged our demand to address all six, the potential for punitive damages and our fees.  Yes, our last demand for settlement purposes would be $1,200,000.00, which is subject to withdrawal."

I told him that although I was doubtful the County Attorney would authorize any offer remotely close to this demand, I did relay this demand to the County Attorney, who immediately directed me to proceed to an inquest on damages.

**ONE WEST STREET – MINEOLA, NEW YORK 11501-4820**
**516-571-3056, FAX 516-571-6684, 6604**

Since plaintiffs' demand of $1,200,000 is so far beyond anything the County Attorney and, for that matter, the Nassau County Legislature would ever approve, to engage in mediation at this point will prove fruitless and a complete waste of counsels' time, as well as that of Mr. Peek. Given plaintiffs' exorbitant demand, defendants are ready to proceed to an inquest.

However, since defendants are willing to engage in settlement discussions with either Your Honor or Magistrate Judge Arelene R. Linday, I will now briefly summarize the background of this case with the intention that that this case can be settled before proceeding to inquest.

**Background.** Plaintiffs are five (5) retired Corrections Officers and one (1) Deputy Sherriff formerly employed by the Nassau County Sheriff's Department. Prior to 2015 all six (6) plaintiffs retired from service due to medically documented physical disabilities which prevented them from working on their respective dates of retirement. Under Sheriff's Departmental policy in effect in 2015, since plaintiffs were unable to work on their dates of retirement, the Sheriff's Department could not issue "good guy" letters since plaintiffs were restricted from carrying firearms during the period of their disability.

A "good guy" letter is a written form issued by the Sheriff's Department advising the Nassau County Police Department of the plaintiff's status at the time of retirement. The "good guy" letter certifies to the Polce Department, which is the licensing authority in Nassau County, that a Correction Officer or Deputy Sheriff retired in "good standing." This is a statutory requirement for a retired Correction Officer of Deputy Sheriff, both defined as "Peace Officers" under the Penal Code, seeking to obtain a pistol license from the Police Department.

Specifically, pursuant to New York Penal Law § 265.00(25) a "qualified retired New York law enforcement officer" which includes Peace Officers who "separated from service *in good standing*" are not prohibited by New York or federal law from possessing any firearm, so long as such Peace Officer has no other disqualifying condition as set forth in that statute. (Emphasis added).

Because Sheriff's Department policy in effect in 2015 held that officers who retired due to disability and were thus not authorized to carry firearms while out of service, the Sheriff's Department could not issue "good guy" letters. Without such "good guy" letters, plaintiffs were unable to obtain pistol licenses from the Police Department.

**Plaintiffs' Complaint and Defendants' Motion to Dismiss**. In 2015 plaintiffs filed a purported class action on behalf of themselves and others similarly situated, claiming violation of their civil rights, the Americans with Disabilities Act, the Second Amendment, Equal Protection, and a *Monell* claim.  Defendants filed a Fed. R. Civ. P. 12(b)(6) motion to dismiss plaintiffs' First Amended Complaint. On February 24, 2017 the Hon. Leonard Wexler granted in part and denied in part defendants' motion [DE 52], ruling that only the Equal Protection and *Monell* claims survived. The parties then proceeded to conduct discovery.

2

**The Sheriff's Department Policy Changes**. As the direct result of this lawsuit, in 2018 newly appointed Sheriff Vera Fludd changed the policy to the effect that officers who retired due to disability are now entitled to receive "good guy" letters so long as no other disqualifying factors for such retiring Peace Officer existed. This change enabled Peace Officers who retired due to disability to obtain "good guy" letters and then apply to the Police Department for a pistol permit.  Here, Sheriff Fludd did in fact issue "good guy" letters to all of the plaintiffs. Five (5) plaintiffs were issued "good guy" letters on October 17-18, 2018 and one plaintiff was issued his "good guy" letter on January 29, 2019. Thereafter, the Police Department issued each plaintiff a Nassau County pistol license.

**Status of this Action**. Since plaintiffs are the "prevailing parties" in this action on the two remaining claims, i.e., Equal Protection and *Monell* claims, they may be entitled to recover compensatory damages, punitive damages and also as attorney fees under 42 U.S.C. § 1988.  "Plaintiffs' success was substantial and they are, therefore, clearly prevailing parties under §  1988. *See Hensley v. Eckerhart*, 461 U.S. 424 (1983). A formal judgment is not required for a party to prevail; it is the substance, not the form, of the final remedy that must be examined." *Williamsburg Fair Hous. Comm. v. Ross-Rodney Hous. Corp.*, 599 F.Supp. 509 (S.D.N.Y. 1984). In this case the result is twofold. First, an inquest must be conducted to determine the amount, if any, of compensatory damages and punitive damages. Second, plaintiffs' counsel must file an application to the Court to obtain his fees.

**Defendants' Position**. Since all plaintiffs have received both their "good guy" letters and pistol licenses, defendants' position is that plaintiffs have obtained full relief for the relief they sought in this action. and have been made whole. While the First Amended Complaint does assert various claims for relief, for the reasons set forth below, defendants maintain that plaintiffs are not entitled to either compensatory or punitive damages. Of course, plaintiffs' attorney is entitled to file an application for his fees under § 1988,

## Plaintiffs Are Not Entitled to Any Award of Compensatory or Punitive Damages

For all the variety of damages plaintiffs claim in the First Amended Complaint, they will not be able to prove entitlement *to a single dollar* of either compensatory or punitive damages. In par. 252 of the First Amended Complaint [DE 1] plaintiffs asserted claims for the following relief:

> As a direct result of said acts, Plaintiffs suffered and continue to suffer diminished privileges, loss of privileges, loss of services, loss of benefits, loss of opportunities, loss of rights commensurate with retirement and have continued to suffer humiliation, embarrassment, fear for personal safety. fear for the safeties of their families and/or persons within their care.

## A. Plaintiffs Are Precluded From Recoving Economic Loss Damages

On July 11, 2023 defendants filed a letter on ECF [DE 132] responding to plaintiffs' letter [DE 131] in which plaintiffs sought an order from the Court to set this case down for trial. As stated above, defendants conceded liability on plaintiffs' two remaining claims, the

first for Equal Protection and *Monell* claims. Since plaintiffs are the "prevailing parties," defendants acknowledged that plaintiffs are entitled to attorney fees under 42 U.S.C. § 1988,

Defendants further stated in their letter:

> In addition to attorney's fees, plaintiffs contend they are entitled to compensatory damages. However, since all six plaintiffs did receive "good guy" letters and then pistol licenses, defendants' position is that plaintiffs have received full and fair compensation and are not entitled to further compensatory damages in any dollar amount.
>
> Defendants therefore respectfully request that the Court issue an order directing plaintiff's attorneys to provide a complete set of their time records from the inception of the action to today's date, and that no trial be conducted to determine whether plaintiffs are entitled to compensatory damages. To the extent plaintiffs may claim lost business opportunities during the period they had no pistol license, it must be noted that in a Memorandum and Order filed February 24, 2017 [DE 52] as the result of defendants' Rule 12(b)(6) motion to dismiss the First Amended Complaint, the Hon. Leonard D. Wexler dismissed plaintiffs' state law claim for tortious interference with prospective contractual advantage. Therefore, plaintiffs are not entitled to compensatory damages for claimed lost business opportunities.

Specifically, at DE 52, pp. 10-11, Judge Wexler wrote:

> Under New York law, to state a claim for tortious interference with prospective economic advantage, the plaintiff must allege that '(1) it had a business relationship with a third party; (2) the defendant knew of that relationship and intentionally interfered with it; (3) the defendant acted solely out of malice, or used dishonest, unfair or improper means; and (4) the defendant's interference caused injury to the relationship.'" *Kirch v. Liberty Media Corp.,* 449 F.3d 388,400 (2d Cir. 2005*) (quoting Carvel Corp. v. Noonan,* 350 F.3d 6, 17 (2003)). Plaintiffs' First Amended Complaint is completely devoid of any allegations concerning a business relationship between Plaintiffs and a third party. Nor are there any allegations that Defendants interfered with any such relationship.
>
> In their Memorandum of Law in opposition to the within motion, Plaintiffs argue that they have met the pleading standard for a claim for tortious interference with prospective economic advantage because they "repeatedly" allege that Plaintiffs had "a business relationship with Defendants,

4

including Defendant Sposato." (Pl. Mem. of Law 34.)

> However, this is a complete misinterpretation of the elements of the claim. A claim of tortious interference requires a business relationship with a third party, not the defendant. It further requires that the defendant interfered with that third-party relationship. Nothing in the First Amended Complaint alleges the required elements of the claim. Accordingly, Plaintiffs' claim for tortious interference with prospective contractual advantage is dismissed.

In addition, to determine plaintiffs' claims for any economic loss caused by the Sheriff's Department's other than the dismissed claims for tortious interference with prospective contractual advantage, on November 8, 2021 defendants served upon plaintiffs' attorney a First Set of Combined Interrogatories and Request for the Production of Documents (*see* Exhibit "A" annexed hereto).

Defendants' twin goals were, first, to ascertain each plaintiff's salary history starting from the first date he began working at the Sheriff's Department to the last date of earning a salary, i.e., the date each plaintiff retired, and second, to determine each plaintiff's employment history and monetary earnings starting from his retirement date through the date plaintiffs' attorneys were obligated to respond to these interrogatories and documents demands.

However, when plaintiffs failed to respond, defendants moved to compel production before the Hon. Arelene R. Lindsay. When plaintiff failed to file any opposition to the motion, on December 21, 2022 Magistrate Judge Lindsay issued the following Order [DE 117].

> The defendants served what is referred to as a First Set of Interrogatories and Request for the Production of Documents on November 8, 2021. According to counsel for the defendants, the purpose of the demands is to obtain discovery of each plaintiff's employment history and income since the date each plaintiff retired since the plaintiffs seek compensatory damages for lost employment opportunities based on their claim that NCSD and Sposato wrongfully denied their applications for "good guy letters." The defendants are also seeking New York State and federal tax return from each plaintiff to establish exactly what each plaintiff earned following his retirement from NCSD. Given that the defendants are entitled to a damages computation, their unopposed request is granted limited to any relevant W2's and redacted tax returns reflecting only earned income for the period from plaintiffs' retirement to the date "good guy letters" were issued. *The plaintiffs must provide the requested records on or before January 21, 2022. Discovery in this matter is otherwise closed. No further discovery requests in this matter will be granted in this matter that has been pending since 2015.* (Emphasis added)

5

Since plaintiffs failed to provide the mandated responses by January 21, 2022 as ordered by Magistrate Judge Lindsay, and since the Order clearly stated that all other discovery closed on December 21, 2021, plaintiffs are thus precluded from introducing at the inquest any evidence beyond what plaintiffs listed in the Joint Pretrial Order filed December 14, 2022 [DE 128]. Not one of the forty-four (44) exhibits plaintiff included in the Joint Pretrial Order contain any evidence to support plaintiffs' claims for economic loss damages. By failing to comply with the Order, plaintiffs forfeited their right to produce any evidence of economic loss damages at the inquest.

**B. The Joint Pretrial Order Contains No Documentary
Evidence to Prove the Remaining Claims for "Humiliation,
Embarrassment, Fear for Personal Safety. Fear for the Safeties
of Their Families and/or Persons Within Their Care."**

Having now been precluded from being able to prove economic loss damages at the inquest, apart from plaintiffs personally testifying to such claimed economic loss, the only remaining claims for compensatory damages included in par. 252 of the First Amended Complaint are for "humiliation, embarrassment, fear for personal safety. fear for the safeties of their families and/or persons within their care." Once again, since plaintiffs produced absolutely no documentary evidence or interrogatory responses to support these highly speculative claims, they will be restricted at inquest to proving these claims only oral testimony. Defendants respectfully suggest that it will be difficult for plaintiffs to prove such damages under these circumstances.

**C. <u>Plaintiffs Are Not Entitled to Punitive Damages</u>**

The facts in this case are undisputed. Plaintiffs, who retired due to disability, applied for "good guy" letters but were denied due to a policy in effect in the Sheriff's Department in 2015. As the direct result of this case, the Sheriff's Department changed this policy to now permit officers who are disabled at the time of retirement to receive "good guy" letters so long as there are no other disqualifying factors. In fact, it is undisputed not only that each plaintiff received his "good guy" letter when Sheriff Vera Fludd replaced former Sheriff Michael Sposato, but also that each plaintiff obtained a Nassau County pistol license. Given these undisputed facts, there is no legal justification for an award of punitive damages in any amount.

New York law permits a plaintiff to recover punitive damages where the conduct "may be characterized as gross and morally reprehensible, and of such wanton dishonesty as to imply a criminal indifference to civil obligations." *New York Univ. v. Cont'l Ins. Co.*, 87 N.Y.2d 308, 315-16, 662 N.E.2d 763, 639 N.Y.S.2d 283 (N.Y. 1995) (internal quotation marks and citation omitted); *see also Home Ins. Co. v. Am. Home Prods. Corp.*, 75 N.Y.2d 196, 203, 550 N.E.2d 930, 551 N.Y.S.2d 481 (N.Y. 1990) ("The nature of the conduct which justifies an award of punitive damages has been variously described, but, essentially, it is conduct having a high degree of moral culpability which manifests a conscious disregard of the rights of others or conduct so reckless as to amount to such disregard." (internal quotation marks and citations omitted)). "The alleged conduct 'need not be intentionally harmful but

6

may consist of actions which constitute willful or wanton negligence or recklessness.'" *Munoz v. Emerson Tool Co.*, No. 03-CV-2885, 2007 WL 9706982, at *13 (E.D.N.Y. Aug. 13, 2007) (Korman, J.) (quoting *Home Ins. Co.*, 75 N.Y.2d at 204). "An award of punitive damages serves the dual purpose of punishing the offending party and deterring similar conduct on the part of others." 71 A.D.3d 868, 871, 898 N.Y.S.2d 45, 2010 N.Y. App. Div. LEXIS 2057, 2010 NY Slip Op 2126 (N.Y. App. Div. 2010).

In view of this extremely high standard required for a court or jury to award punitive damages, the undisputed facts in this case provide not one scintilla of evidence that Sheriff Sposato acted at any time in a gross and morally reprehensible manner, or that he acted with such wanton dishonesty as to imply a criminal indifference to his civil obligations. Nor is there any evidence of willful or wanton negligence or recklessness. Therefore, there is no chance of a court or jury awarding any amount of punitive damages which could survive an immediate appeal by defendants.

Finally, since plaintiffs are not entitled to either compensatory or punitive damages, defendants' concession of *Monell* liability is of no consequence.

## D. Attorney Fees

When the parties arrived at a tentative settlement in February 2022, Mr. Brewington advised me that his attorney fees to that date amounted to $106,359.35. The drafted Settlement Agreement included the following two conditions, both of which are required by the Nassau County Charter for all settlements exceeding $100,000:

> 19(a).  This Settlement Agreement shall not be binding on the County Defendants and shall not take effect until and unless all requisite approvals have been obtained, including, but not limited to: (i) those of the County Executive and where required, the County Legislature and (ii) any approvals necessary to enable the County to issue debt to finance the payment of the amounts contemplated herein, including, but not limited to, those of the County Executive, the County Legislature and where required, the Nassau County Interim Finance Authority.
>
> ***
>
> 20. Notwithstanding anything to the contrary contained herein, the parties expressly agree and understand that this settlement shall not be binding on defendants and shall not take effect until and unless all requisite approvals have been obtained, including, but not limited to: (a) those of the County Executive and where required, the County Legislature and (b) any approvals necessary to enable Nassau County to issue debt to finance the payment of the amounts contemplated herein, including, but not limited to, those of the County Executive, the County

Legislature and where required, the Nassau County Interim Finance Authority.

Since the Nassau County Legislature failed to approve the tentative settlement, and since all discovery and motion practice was closed by Order of Magistrate Lindsay on December 21, 2022, there has been absolutely no attorney activity either plaintiffs' or defendants' counsel, which could have added to the $106,359.35 figure stated by Mr. Brewington in February 2022. Defendants therefore are ready request that the Nassau County Comptroller proceed to issue a check in that amount to Mr. Brewington upon his request.

## CONCLUSION

For all the foregoing reasons, defendants do not foresee any reason to engage in mediation. Plaintiffs' demand of $1,200,000 cannot be justified under any circumstances, and therefore, defendants will not issue an offer in response to this exorbitant demand. In fact, since plaintiffs are precluded from recovering economic loss damages; since damages for plaintiffs' highly speculative claims of "humiliation, embarrassment, fear for personal safety. fear for the safeties of their families and/or persons within their care" will be difficult for them to prove; and since there is no legal justification to award plaintiffs any amount of punitive damages, defendants' respectfully request that the Court proceed to conduct the inquest at the Court's earliest convenience.

As always, defendants thank Your Honor for your attention and consideration in this matter.

Respectfully submitted,

/s/  Ralph J. Reissman
RALPH J. REISSMAN
Deputy County Attorney

cc:   Via ECF
      All counsel of record

8

# EXHIBIT A

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
ALEXANDER PERROS, THOMAS DELLE,
NICHOLAS LENOCI, VICTOR PATALANO,
RONALD LANIER and IBRAHIM ZAHRAN
Collectively on Behalf of All Persons
Similarly Situated and/or Sheriff's Department          15-CV-5598 (GRB)(    )
Former Personnel Unfairly Denied Proper
"Recommendation for Consideration of
Application for Pistol License for Retiring
Peace [Police] Officer" Forms and/or "*Good Guy
Letters*" Following Retirement, Due to Injury
and/or Disability,

                                        Plaintiffs,

                    -against-

COUNTY OF NASSAU, NASSAU COUNTY
POLICE DEPARTMENT, NASSAU COUNTY
SHERIFF'S DEPARTMENT and MICHAEL
SPOSATO, in his Individual and Official
Capacities,

                                        Defendants.
------------------------------------------------------------x

**DEFENDANTS' FIRST SET OF COMBINED
INTERROGATORIES AND REQUEST FOR
THE PRODUCTION OF DOCUMENTS**

Defendants, County of Nassau, the Nassau County Police Department, the Nassau

County Sheriff's Department and Nassau County Sheriff Michael Sposato, by their

attorney, John B. Chiara, Acting Nassau County Attorney, by Ralph J. Reissman, Deputy

County Attorney, hereby serve upon Plaintiffs the following Combined Set of

Interrogatories and Request for the Production of Documents, to be responded to with 30

days after the date of service.

**DEFINITIONS**

The following definitions, which apply to all requests contained herein, are:

A.      The definitions and rules of construction set forth in Local Rule 26.3, as well as any defined terms in the First Amended Complaint dated November 9, 2015 under Docket No. 15-CV-05598 (GRB)(     ) (the "Complaint") are hereby incorporated by reference herein.

B.      "Complaint" means the claims asserted in the First Amended Complaint pending in the United States District Court for the Eastern District of New York under the caption *Alexander Perros, et al. v. County of Nassau, et al.*, 15-CV-05598 (GRB)(   ).

C.      "Communication" is defined pursuant to Local Rule 26.3 to mean the transmittal of information (in the form of facts, ideas, inquiries or otherwise).

D.      "Document" is defined pursuant to Local Rule 26.3 to be synonymous in meaning and equal in scope to the usage of this term in Rule 34(a), including, without limitation, electronic or computerized data compilations.  A draft or non-identical copy is a separate document within the meaning of this term.

E.      "Identify" (with respect to persons) is defined pursuant to Local Rule 26.3 to mean to give, to the extent known, the person's full name, present or last known address, and when referring to a natural person, additionally, the present or last known place of employment.  Once a person has been identified in accordance with this subparagraph, only the name of that person need be listed in response to subsequent discovery requesting the identification of that person.

F.      "Set forth" means provide all information within plaintiff's knowledge and experience and/or plaintiff's attorney's knowledge and experience, sufficient to respond in full to each interrogatory and document request below.

2

G.    "Identify" (with respect to documents) is defined pursuant to Local Rule 26.3 to mean to give, to the extent known, the (i) type of document; (ii) general subject matter; (iii) date of the document; and (iv) author(s), addressee(s) and recipient(s).

H.    Pursuant to Local Rule 26.3 the terms "Plaintiff(s)" and "Defendant(s)," as well as a party's full or abbreviated name or a pronoun referring to a party mean the party and, where applicable, its officers, directors, employees, partners, corporate parent, subsidiaries or affiliates.  This definition is not intended to impose a discovery obligation on any person who is not a party to the litigation.

I.    "Person" is defined pursuant to Local Rule 26.3 to mean any natural person or any business, legal or governmental entity or association.

J.    "Concerning" is defined pursuant to Local Rule 26.3 to mean relating to, referring to, describing, evidencing or constituting.

K.    As used herein, "Perros" refers to Plaintiff Alexander Perros, as well as any individual, entity, representative or agent acting on behalf of Perros.

L.    As used herein, "Delle" refers to Plaintiff Thomas Delle, as well as any individual, entity, representative or agent acting on behalf of Delle.

M.    As used herein, "Lenoci" refers to Plaintiff Nicholas Lenoci, as well as any individual, entity, representative or agent acting on behalf of Lenoci.

N.    As used herein, "Patalano" refers to Plaintiff Victor Patalano, as well as any individual, entity, representative or agent acting on behalf of Patalano.

O.    As used herein, "Lanier" refers to Plaintiff Ronald Lanier, as well as any individual, entity, representative or agent acting on behalf of Lanier.

P.    As used herein, "Zahran" refers to Plaintiff Ibrahim Zahran, as well as any individual, entity, representative or agent acting on behalf of Zahran.

Q.    "County Defendants" refers to any subsidiaries, divisions, departments, present or former officers, employees/ representatives/ agents/officials of Defendant County of Nassau.

R.    "Sposato" refers to defendant Michael Sposato.

S.    The terms "all" and "each" shall be construed as all and each.

T.    The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

U.    "Relating to" means consisting of, referring to, describing, discussing, constituting, containing, reflecting, mentioning, concerning, pertaining to, citing, summarizing, analyzing, or factually connected to the matter discussed.

V.    "Claim" means a demand or assertion, whether oral or written, formal or informal, by any person for monetary payment, the undertaking of action, or the cessation of action.

W.    "Consulted" or "contacted" means any form of communication, e.g., oral statements, telephonic conversations, written electronic or non-electronically transmitted correspondence, or any other mechanical communications or any type of communication whatsoever.

X.    "Management" or "manage" includes any act of directing, conducting, administering, controlling, or handling an identified function or duty.

1.    "Any" shall also mean "all" and visa versa.

Y.    "And" shall also mean "or", and "or" shall mean "and" as necessary to call for the broadest possible answer.

4

## II. GENERAL INSTRUCTIONS

1.      You are required, in responding to these requests, to obtain and furnish all information available to you and any of your representatives, employees, agents, brokers, servants, or attorneys, and to obtain and furnish all information that is in your possession or under your control, or in the possession or under the control of any of your representatives, employees, agents, servants, or attorneys.

2.      Each request which seeks information relating to in any way to communications to, from, or within a business and/or corporate entity and/or municipality, is hereby designated to demand, and should be construed to include, all communications by and between representatives, employees, agents, brokers, and/or servants of the business and/or corporate entity and/or municipality.

3.      Each request should be responded to separately.  However, a document which is responsive to more than one request may, if the relevant portion is marked or indexed, be produced and referred to in a later response.

4.      All documents produced shall be segregated and identified by the paragraphs to which they are primarily responsive.  Where required by a particular paragraph of this request, documents produced shall be further segregated and identified as indicated in this paragraph.  For any documents that are stored or maintained in files, in the normal course of business, such documents shall be produced in such files, or in such a manner, as to preserve and identify the file from which such documents were taken.

5.      If you object to part of any request, please furnish documents responsive to the remainder of the request.

6.      Each request refers to all documents that are either known by the Plaintiffs to exist or that can be located or discovered by reasonably diligent efforts of the Plaintiffs.

5

7. The documents produced in response to this request shall include all attachments and enclosures.

8. The documents requested for production include those in the possession, custody, or control of Plaintiff, his agents, representatives, or attorneys.

9. Plaintiff is required to furnish all documents known or available to Plaintiff regardless of whether possessed directly by Plaintiff, by their agents, representatives or investigators, by their present or former attorneys or their agents, employees, representatives, or investigators, or other legal entities controlled by or in any manner affiliated with Plaintiff.

10. If you record, utilize, or maintain any of the data, materials, documents, or portions of the contents of the documents that are responsive to a request in any computer-readable format or machine-readable format (hereinafter the "electronically stored communications"), then you must produce the data, materials, documents, or portions of documents in hardcopy, if such electronically stored communications are viewable in hardcopy format. If the event that such electronically stored communications are not viewable in hardcopy format, you must produce such electronically stored communications on the same variety of computer-readable or machine-readable format and on the same variety of transferable storage medium (for example, without limitation: thumb drives, floppy disks, tapes, compact discs, or similar media, but not computer parts or hardware constituting "hard drives" or "tape drives") on or in which you regularly record, utilize, or maintain the information, along with written identification of the applicable software, formats, and versions needed to view the data with a personal computer.

11. These document requests are continuing in nature. If after producing the documents requested, Plaintiffs obtain or become aware of any additional documents

6

responsive to a document production request, Plaintiffs are required to produce such additional documents.

12. If any document is produced in redacted form, that portion of the document which is redacted should be identified and the response should be, with respect to each such redaction, identify the basis for the redaction.

13. Whenever the context in which words used in these requests indicates or suggests that such is the intent, the past tense includes the present tense and vice versa.

14. Whenever the context in which words are used in these requests indicates or suggests that such is the intent, "and" and "or" as used herein mean and/or.

15. Whenever the context in which words used in these requests indicates or suggests that such is the intent, words in the singular shall include the plural, and vice versa, and words in the masculine, feminine, or neuter genders shall include each of the genders.

16. All documents called for by this request or related to this request, for which the Plaintiffs claim a privilege or statutory authority as a ground for non-production shall be listed chronologically as follows:

(a) the place, date, and manner of recording or otherwise preparing the document;

(b) the name and title of the sender;

(c) the identity of each person or persons (other than stenographic or clerical assistants) participating in the preparation of the documents;

(d) the identity and title if any person or persons, including Plaintiffs, supplying Plaintiffs' attorneys with the information requested above;

7

(e)    the identify of each person to whom the contents of the document have heretofore been communicated by copy, exhibition, sketch, reading, or substantial summarization, the dates of said reading, or substantial summarization, the dates of said communication, and the employer and title of said person at the time of said communication;

(f)    the type of document;

(g)    the subject matter (without revealing the relevant information for which privilege or statutory authority is claimed) of the document; and

(h)    the factual and legal basis for claim, privilege or specific statutory or regulatory authority which provides the claimed ground for non-production.

17.    Each request to produce a document or documents shall be deemed to call for the production of the original document or documents to the extent that they are in, or subject to, directly or indirectly, the control of the party to whom this request is addressed. In addition, each request should be considered as including a request for separate production of all copies and, to the extent applicable, preliminary drafts of documents that differ in any respect from the original or final draft or from each other (e.g. by reason of differences in form or content or by reason of handwritten notes or comments having been added to one copy of a document but not on the original or other copies thereof).

18.    All documents produced in response to this request shall be produced in to notwithstanding the fact that portions thereof may contain information not requested.

19.    If any documents requested herein have been lost or destroyed, the documents so lost or destroyed shall be identified by author, date, and subject matter.

20.    Where exact information cannot be furnished, estimated information is to be supplied to the extent possible.  Where estimated information is supplied, it should be so

8

indicated, and an explanation should be given as to the basis on which the estimate was made and the reason exact information cannot be furnished.

21.     With respect to any document requested which was once in possession, custody or control, but no longer is, please indicate the date the document ceased to be in possession, custody or control, the manner in which it is ceased, and the name and address of its present custodian.

22.     Unless otherwise indicated, each request is to be construed as encompassing all documents which pertain to the stated subject matter.

23.     Production can be accomplished by mailing the documents within the rule time to Defendants' attorneys, Deputy County Attorney Ralph J. Reissman, Office of the Nassau County Attorney, 1 West Street, Mineola, New York 11501.

24.     Defendants reserve their right, at a later date, to review the originals of any of the documents produced, as well as their right to request the production of additional documents in the future.

### **INTERROGATORIES**

1. With respect to plaintiff **PERROS**, set forth:

a.     The date of his retirement from employment with the Nassau County Sheriff's Department.

b.     The reason for his retirement from employment with the Nassau County Sheriff's Department.

c.     From the date of his retirement from employment with the Nassau County Sheriff's Department to the date of your responses to these interrogatories, (i) the identity of each employer, company or entity to which he applied for employment, (ii) the date on which he applied for employment to each such employer, company or entity, (iii) the title

or position for which he applied, (iv) the salary, compensation and benefits being offered by each employer, company or entity for each position or title, (v) the result of each application for employment, i.e., whether he was hired or, if denied or rejected for employment, the reason for such denial or rejection, (vi) if hired, the dates of employment of each position or title, (vii) the salary, compensation and benefits which he earned for each position or title, (viii) the date of termination of each title or position, and (ix) the reason for termination of employment for each position or title.

2. With respect to plaintiff **DELLE**, set forth:

a.     The date of his retirement from employment with the Nassau County Sheriff's Department.

b.     The reason for his retirement from employment with the Nassau County Sheriff's Department.

c.     From the date of his retirement from employment with the Nassau County Sheriff's Department to the date of your responses to these interrogatories, (i) the identity of each employer, company or entity to which he applied for employment, (ii) the date on which he applied for employment to each such employer, company or entity, (iii) the title or position for which he applied, (iv) the salary, compensation and benefits being offered by each employer, company or entity for each position or title, (v) the result of each application for employment, i.e., whether he was hired or, if denied or rejected for employment, the reason for such denial or rejection, (vi) if hired, the dates of employment of each position or title, (vii) the salary, compensation and benefits which he earned for each position or title, (viii) the date of termination of each title or position, and (ix) the reason for termination of employment for each position or title.

10

3. With respect to plaintiff **LENOCI**, set forth:

a.      The date of his retirement from employment with the Nassau County Sheriff's Department.

b.      The reason for his retirement from employment with the Nassau County Sheriff's Department.

c.      From the date of his retirement from employment with the Nassau County Sheriff's Department to the date of your responses to these interrogatories, (i) the identity of each employer, company or entity to which he applied for employment, (ii) the date on which he applied for employment to each such employer, company or entity, (iii) the title or position for which he applied, (iv) the salary, compensation and benefits being offered by each employer, company or entity for each position or title, (v) the result of each application for employment, i.e., whether he was hired or, if denied or rejected for employment, the reason for such denial or rejection, (vi) if hired, the dates of employment of each position or title, (vii) the salary, compensation and benefits which he earned for each position or title, (viii) the date of termination of each title or position, and (ix) the reason for termination of employment for each position or title.

4. With respect to plaintiff **PATALANO**, set forth:

a.      The date of his retirement from employment with the Nassau County Sheriff's Department.

b.      The reason for his retirement from employment with the Nassau County Sheriff's Department.

c.      From the date of his retirement from employment with the Nassau County Sheriff's Department to the date of your responses to these interrogatories, (i) the identity of each employer, company or entity to which he applied for employment, (ii) the date on

11

which he applied for employment to each such employer, company or entity, (iii) the title or position for which he applied, (iv) the salary, compensation and benefits being offered by each employer, company or entity for each position or title, (v) the result of each application for employment, i.e., whether he was hired or, if denied or rejected for employment, the reason for such denial or rejection, (vi) if hired, the dates of employment of each position or title, (vii) the salary, compensation and benefits which he earned for each position or title, (viii) the date of termination of each title or position, and (ix) the reason for termination of employment for each position or title.

5. With respect to plaintiff **LANIER**, set forth:

a. The date of his retirement from employment with the Nassau County Sheriff's Department.

b. The reason for his retirement from employment with the Nassau County Sheriff's Department.

c. From the date of his retirement from employment with the Nassau County Sheriff's Department to the date of your responses to these interrogatories, (i) the identity of each employer, company or entity to which he applied for employment, (ii) the date on which he applied for employment to each such employer, company or entity, (iii) the title or position for which he applied, (iv) the salary, compensation and benefits being offered by each employer, company or entity for each position or title, (v) the result of each application for employment, i.e., whether he was hired or, if denied or rejected for employment, the reason for such denial or rejection, (vi) if hired, the dates of employment of each position or title, (vii) the salary, compensation and benefits which he earned for each position or title, (viii) the date of termination of each title or position, and (ix) the reason for termination of employment for each position or title.

12

6. With respect to plaintiff **ZAHRAN**, set forth:

a.    The date of his retirement from employment with the Nassau County Sheriff's Department.

b.    The reason for his retirement from employment with the Nassau County Sheriff's Department.

c.    From the date of his retirement from employment with the Nassau County Sheriff's Department to the date of your responses to these interrogatories, (i) the identity of each employer, company or entity to which he applied for employment, (ii) the date on which he applied for employment to each such employer, company or entity, (iii) the title or position for which he applied, (iv) the salary, compensation and benefits being offered by each employer, company or entity for each position or title, (v) the result of each application for employment, i.e., whether he was hired or, if denied or rejected for employment, the reason for such denial or rejection, (vi) if hired, the dates of employment of each position or title, (vii) the salary, compensation and benefits which he earned for each position or title, (viii) the date of termination of each title or position, and (ix) the reason for termination of employment for each position or title.

## **REQUEST FOR THE PRODUCTON OF DOCUMENTS**

1. With respect to plaintiff **PERROS**, produce the following documents:

a. Every written offer of employment received by him beginning from the date of his retirement from employment with the Nassau County Sheriff's Department to the date of your responses to this document demand.

13

b.  Every written contract of employment received by him beginning from the date of his retirement from employment with the Nassau County Sheriff's Department to the date of your responses to this document demand.

c.  Federal tax returns he filed beginning from the date of his retirement from employment with the Nassau County Sheriff's Department to the date of your responses to this document demand.

d.  New York State tax returns he filed beginning from the date of his retirement from employment with the Nassau County Sheriff's Department to the date of your responses to this document demand.

e. Tax returns filed by him for any state other than New York State beginning from the date of his retirement from employment with the Nassau County Sheriff's Department to the date of your responses to this document demand.

2. With respect to plaintiff **DELLE**, produce the following documents:

a. Every written offer of employment received by him beginning from the date of his retirement from employment with the Nassau County Sheriff's Department to the date of your responses to this document demand.

b.  Every written contract of employment received by him beginning from the date of his retirement from employment with the Nassau County Sheriff's Department to the date of your responses to this document demand.

c.  Federal tax returns he filed beginning from the date of his retirement from employment with the Nassau County Sheriff's Department to the date of your responses to this document demand.

14

d.  New York State tax returns he filed beginning from the date of his retirement from employment with the Nassau County Sheriff's Department to the date of your responses to this document demand.

e. Tax returns filed by him for any state other than New York State beginning from the date of his retirement from employment with the Nassau County Sheriff's Department to the date of your responses to this document demand.

3. With respect to plaintiff **LENOCI**, produce the following documents:

a. Every written offer of employment received by him beginning from the date of his retirement from employment with the Nassau County Sheriff's Department to the date of your responses to this document demand.

b.  Every written contract of employment received by him beginning from the date of his retirement from employment with the Nassau County Sheriff's Department to the date of your responses to this document demand.

c.  Federal tax returns he filed beginning from the date of his retirement from employment with the Nassau County Sheriff's Department to the date of your responses to this document demand.

d.  New York State tax returns he filed beginning from the date of his retirement from employment with the Nassau County Sheriff's Department to the date of your responses to this document demand.

e. Tax returns filed by him for any state other than New York State beginning from the date of his retirement from employment with the Nassau County Sheriff's Department to the date of your responses to this document demand.

4. With respect to plaintiff **PATALANO**, produce the following documents:

15

a. Every written offer of employment received by him beginning from the date of his retirement from employment with the Nassau County Sheriff's Department to the date of your responses to this document demand.

b. Every written contract of employment received by him beginning from the date of his retirement from employment with the Nassau County Sheriff's Department to the date of your responses to this document demand.

c. Federal tax returns he filed beginning from the date of his retirement from employment with the Nassau County Sheriff's Department to the date of your responses to this document demand.

d. New York State tax returns he filed beginning from the date of his retirement from employment with the Nassau County Sheriff's Department to the date of your responses to this document demand.

e. Tax returns filed by him for any state other than New York State beginning from the date of his retirement from employment with the Nassau County Sheriff's Department to the date of your responses to this document demand.

5. With respect to plaintiff **LANIER**, produce the following documents:

a. Every written offer of employment received by him beginning from the date of his retirement from employment with the Nassau County Sheriff's Department to the date of your responses to this document demand.

b. Every written contract of employment received by him beginning from the date of his retirement from employment with the Nassau County Sheriff's Department to the date of your responses to this document demand.

16

c. Federal tax returns he filed beginning from the date of his retirement from employment with the Nassau County Sheriff's Department to the date of your responses to this document demand.

d. New York State tax returns he filed beginning from the date of his retirement from employment with the Nassau County Sheriff's Department to the date of your responses to this document demand.

e. Tax returns filed by him for any state other than New York State beginning from the date of his retirement from employment with the Nassau County Sheriff's Department to the date of your responses to this document demand.

6. With respect to plaintiff **ZAHRAN**, produce the following documents:

a. Every written offer of employment received by him beginning from the date of his retirement from employment with the Nassau County Sheriff's Department to the date of your responses to this document demand.

b. Every written contract of employment received by him beginning from the date of his retirement from employment with the Nassau County Sheriff's Department to the date of your responses to this document demand.

c. Federal tax returns he filed beginning from the date of his retirement from employment with the Nassau County Sheriff's Department to the date of your responses to this document demand.

d. New York State tax returns he filed beginning from the date of his retirement from employment with the Nassau County Sheriff's Department to the date of your responses to this document demand.

17

e. Tax returns filed by him for any state other than New York State beginning from the date of his retirement from employment with the Nassau County Sheriff's Department to the date of your responses to this document demand.

Dated: Mineola, New York
November 8, 2021

**JOHN B. CHIARA**
Acting Nassau County Attorney
Attorney for Defendants

By: /s/ Ralph J. Reissman
RALPH J. REISSMAN
Deputy County Attorney
One West Street
Mineola, New York 11501
(516) 571-3046

TO:
Law Offices of Frederick K. Brewington
Attorneys for Plaintiffs
556 Peninsula Boulevard
Hempstead, NY 11550
(516) 489-6959

18