# THE LAW OFFICES OF
# FREDERICK K. BREWINGTON

*Attorneys and Counselors at Law*
556 Peninsula Blvd., Hempstead, New York 11550
Phone: 516-489-6959 • Fax: 516-489-6958 •
www.brewingtonlaw.com

Frederick K. Brewington        Of Counsel
Albert D. Manuel III        Oscar Holt III
Cobia M. Powell        Jay D. Umans

September 30, 2025

**VIA ELECTRONIC CASE FILING**
Honorable Gary R. Brown
United States District Court Judge
United States District Court, Eastern District of New York
Long Island Federal Courthouse
100 Federal Plaza
Central Islip, New York 11722

       Re:    *Perros, et.al. v. County of Nassau*
               Docket No.: CV-15-5598 (GRB)(ARL)

Dear Judge Brown:

      As the Court is aware, this office represents the Plaintiffs in the instant action. We write this letter in opposition of Defendants' allegation that Plaintiff's claims are moot. Following a grant of Summary Judgment on liability on all the claims brought by the Plaintiffs, on July 10 and 11, 2025 Your Honor held an inquest on damages. On those days Counsel for all sides were present, testimony was heard, evidence entered. On July 11, 2025 both sides rest. The Court then set July 30, 2025 as the date on which post trial briefings were to be submitted. While the parties were to argue the record placed before the Court, the Defendants chose to provide the Court with a number of claims and alleged factual documents not in the record. This submission prompted Plaintiffs to request, on July 31, 2025, for the opportunity to file a limited Reply. The Court granted that request and allowed Plaintiffs, to amplify the record as to Plaintiff Lanier. Following Plaintiff's Reply submission the Court, in addressing the issue as to Mr. Lanier, wrote:

> ...In its post-Inquest filings, the County Attorney targeted this evidence, suggesting that Lanier's description and the document that supported it constituted "wild exaggeration." DE 148 at 24. The County's attack proves unavailing for several reasons. First, the County's introduction of a barrage of hearsay statements, including Lanier's testimony at the criminal prosecution, the summations in that case and Judge Bianco's factual summary in connection with a habeas petition, are not properly considered record evidence as the County failed to introduce these materials at the time of the hearing or confront plaintiff with the same. *See, e.g.*, F.R.E. 801(d)(1) (requiring that a witness be cross-examined about prior statements before they may be considered.). Worse yet, examination of those statements reveals that the County's accusations constitute unfounded mischaracterizations. (Memorandum and Order

Following Inquest, Document 155 Filed 09/03/25, Page 11, Footnote 4).

In rendering its decision, the Court ruled on damages, compensatory and punitive to be assessed against the Defendants. In addition, the Court also recognized that "[i]n their complaint, plaintiffs seek injunctive relief against Sposato and the County, including orders precluding the denial of handgun permit recommendations to similarly situated individuals and the appointment of a Special Master to oversee the process."(Memorandum and Order Following Inquest, Document 155 Filed 09/03/25, Page 31). The Court also directed that "[t]he parties have 30 days to meet and confer concerning this issue, and counsel for plaintiff will file a letter advising as to the status of plaintiffs' request for injunctive relief." (Memorandum and Order Following Inquest, Document 155 Filed 09/03/25, Page 32).

The Court is correct that part of the relief sought by Plaintiffs in this action was articulated in the Amended Complaint which sought:

6. An order permanently enjoining defendants from denying Plaintiffs and persons similarly situated to Plaintiffs from having and being granted Good Guy Letters and hand gun and/or pistol licences and/or permits;

7. An order enjoining the SHERIFF MICHAEL SPOSATO from further denying Plaintiffs and denying persons similarly situated to Plaintiffs from having and being granted Good Guy Letters and hand gun and/or pistol licences and/or permits;

8. An order enjoining the County of Nassau, Nassau County Police Department and the Nassau County Sheriff's Department from denying Plaintiffs and persons similarly situated to Plaintiffs from having and being granted Good Guy Letters and hand gun and/or pistol licences and/or permits.

9. An order appointing a Special Master to assist the Court in enforcing the direction that Defendants not engage in actions denying Plaintiffs and persons similarly situated to Plaintiffs from having and being granted Good Guy Letters and hand gun and/or pistol licences and/or permits;

10. An order of this Court retaining jurisdiction to render any and all further orders that this Court may, from time to time, deem appropriate;

11. An order finding Defendants in willful violation of the Plaintiffs' Constitutional Rights under 42 U.S.C. § 1983 and the Second (2nd) and Fourteenth (14th) Amendments, the Rehabilitation Act (29 U.S.C. §794) and the American with Disabilities Act, 42 U.S.C. § 12132 and directing corrective action to insure that said willful actions do not occur in the future; (Amended Comp. p.46)

As directed by the Court, the parties engaged in a meet and confer. However the parties did

not reach any agreement. During that meet and confer, the County indicated that they did not feel there was any need for injunctive relief and had no suggestions. Part of the County's position, as relayed to us, was that Mr. Sposato does not have any dealings with the issues raised in this case and that the form of the "Good Guy Letter" is different now. Essentially, Defendants are claiming that with the grant of Summary Judgment on liability, and the change of position of Sposato not being the Sheriff any further, and their say so that there is a change in the process, that Plaintiffs' requests are moot. Defendants are mistaken as the current set of circumstances, including the reintroduction of Sposato into the jail in a decision making role, the sworn testimony of Sposato that he will be directly involved in the process for which he has been found liable (Inquest Transcript p. 479), the constant denial of wrong doing, even after a finding of Summary Judgment, and the history of actions by the County to address what remain clear and ongoing *Monell* violations.

Summary Judgment has been granted against the Defendants. There is already a finding of a pattern and practice of abuse and discrimination in which Sposato and Nassau County have engaged. Granting the requested injunctive and declaratory relief would redress the named Plaintiffs' injures and provide future relief for other members of the class. Therefore, this case is not rendered moot. Defendants provided nothing to support their position that they have taken any actions to prevent future wrongful actions by the County or by Sposato. "[A] defendant's 'voluntary cessation of a challenged practice' will moot a case only if the defendant can show that the practice cannot 'reasonably be expected to recur.'" *Fed. Bureau of Investigation v. Fikre*, 601 U.S. 234, 241, 144 S.Ct. 771, 218 L.Ed.2d 162 (2024) *(quoting Friends of the Earth, Inc. v. Laidlaw Environmental Services (TOC), Inc.*, 528 U.S. 167, 189, 120 S.Ct. 693, 145 L.Ed.2d 610 (2000)) (additional citation and quotation marks omitted). Here, there is no evidence that the County's actions can reasonably be expected to cease.

> 'A live case or controversy cannot be so easily disguised, and a federal court's constitutional authority cannot be so readily manipulated. To show that a case is truly moot, a defendant must prove 'no reasonable expectation' remains that it will 'return to [its] old ways.' *Id. (quoting United States v. W. T. Grant Co.*, 345 U.S. 629, 632-33, 73 S.Ct. 894, 97 L.Ed. 1303 (1953)). (additional quotation marks omitted). " 'The voluntary cessation of allegedly illegal activities will usually render a case moot if the defendant can demonstrate that (1) there is no reasonable expectation that the alleged violation will recur and (2) interim relief or events have completely and irrevocably eradicated the effects of the alleged violation.' " *Mhany Mgmt., Inc. v. Cnty. of Nassau*, 819 F.3d 581, 603 (2d Cir. 2016) (*quoting Granite State Outdoor Advert., Inc. v. Town of Orange*, 303 F.3d 450, 451 (2d Cir. 2002)).
>   *Higbie v. James*, --- F.Supp.3d ----2025 WL 2408510 *10 (N.D.N.Y. August 20, 2025)

As prevailing parties who now have a finding of liability, Plaintiffs have standing to seek and be awarded the injunctive relief they now seek.

When seeking injunctive relief against a municipality, a plaintiff has standing only if he can "carry the burden of establishing that 'he has sustained or is immediately in danger of sustaining some direct injury as the result of the challenged official conduct.' " *Shain v.*

3

*Ellison*, 356 F.3d 211, 215 (2d Cir. 2004) (*quoting City of Los Angeles v. Lyons*, 461 U.S. 95, 101–102, 103 S.Ct. 1660, 75 L.Ed.2d 675 (1983)). This requires a plaintiff to show "both [1] a likelihood of future harm and [2] the existence of an official policy or its equivalent." Id. at 216 (emphasis omitted) (*citing \*229 Lyons*, 461 U.S. at 105–106, 103 S.Ct. 1660). A future harm is sufficiently likely if "[t]he injury or threat of injury" is "both real and immediate, not conjectural or hypothetical." Id. (internal quotation marks omitted).
*An v. City of New York*, 230 F.Supp.3d 224, 228-229, (S.D.N.Y. February 2, 2027)

There is no question that Plaintiff have satisfied their obligation to meet the standing requirements. Based on the position taken by the County, we do not believe there is any common ground that can be reached between the parties. As part of Plaintiffs' narrowly focused approach, it is Plaintiffs' request that the Court issue a permanent injunction in this matter which includes the following:

1. An order permanently enjoining Defendants from denying Plaintiffs and persons similarly situated to Plaintiffs from maintaining and being granted Good Guy Letters and/or their equivalents as well as hand gun and/or pistol licences and/or permits;

2. An order enjoining MICHAEL SPOSATO from having any decision making, and/or any authority re: implementation and/or input in any human resources decisions or discussions which would involve/allow for the approval or denial of Plaintiffs and persons similarly situated to Plaintiffs from having and being granted Good Guy Letters or their equivalents and hand gun and/or pistol licences and/or permits;

3. An order enjoining MICHAEL SPOSATO from further denying Plaintiffs and denying persons similarly situated to Plaintiffs from having and being granted Good Guy Letters or their equivalents and hand gun and/or pistol licences and/or permits;

4. An order enjoining the County of Nassau, Nassau County Police Department and the Nassau County Sheriff's Department from denying Plaintiffs and persons similarly situated to Plaintiffs from having and being granted Good Guy Letters or their equivalents and hand gun and/or pistol licences and/or permits;

5. An order appointing a Special Master to assist the Court in enforcing that Defendants not engage in actions denying Plaintiffs and persons similarly situated to Plaintiffs from having and being granted Good Guy Letters or their equivalents and hand gun and/or pistol licences and/or permits; and

6. An order of this Court retaining jurisdiction to render any and all further orders that this Court may, from time to time, deem appropriate;

      Plaintiffs' welcome the opportunity to provide a more detailed presentation should the Court seek further clarification of the type and form of injunctive relief Plaintiffs seek.

      Thank you for your consideration in this matter.

Respectfully submitted,

*Frederick K. Brewington*
FREDERICK K. BREWINGTON

FKB:cmp/adm
cc. All Counsel by ECF