UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------------x

ALEXANDER PERROS, THOMAS DELLE,
NICHOLAS LENOCI, VICTOR PATALANO,
RONALD LANIER and IBRAHIM ZAHRAN
Collectively on Behalf of All Persons
Similarly Situated and/or Sheriff's Department            15-CV-05598 (GRB)(ARL)
Former Personnel Unfairly Denied Proper
"Recommendation for Consideration of
Application for Pistol License for Retiring
Peace [Police] Officer" Forms and/or "Good Guy
Letters" Following Retirement, Due to Injury
and/or Disability,

                              Plaintiffs,

            -against-

COUNTY OF NASSAU and MICHAEL
SPOSATO, in his Individual and Official
Capacities,
                              Defendants.

-----------------------------------------------------------------x

## [PROPOSED] ORDER FURTHER AMENDING FINAL JUDGMENT

## I. INTRODUCTION and FACTUAL HISTORY

Plaintiffs filed this action in 2015, seeking recompense for the failure of Sposato to issue handgun permit recommendations – usually referred to "good guy" letters – after retiring from the Sheriff's Department due to disabilities arising from workplace injuries. Following a decision by the Honorable Leonard D. Wexler in 2017, several causes of action were dismissed, leaving solely claims under the Equal Protection Clause and for municipal liability under *Monell.* DE 52. In or around 2018, following Sposato's ouster, a new sheriff issued the "good guy" letters for the six plaintiffs.

In the present action there are six named Plaintiffs, Ibrahim Zahran, Ronald Lanier, Nicholas Lenoci, Victor Patalano, Thomas Delle, and Alexandros Perros. All of the Plaintiffs, who were injured and disabled, were denied "good guy letters" from the Nassau County Sheriff's Department. This denial resulted in the taking of weapons they already owned and created the inability to further own weapons as former law enforcement officers for the tenure of their retirement. All six of the Plaintiff's were in good standing as corrections officers or sheriffs at the time of their retirement. All of the Plaintiffs had been deemed physically unrestricted to own their firearms. Five of the Plaintiff's received 207-c disability and one received their regular retirement benefits. After the completion of discovery in this matter, defendants conceded liability and Summary Judgment was granted to Plaintiffs on liability. Electronic Order dated January 3, 2024.

Following multiple efforts to settle the case, the Court set an inquest which was completed over the course of four days. Following a grant of Summary Judgment on liability on all the claims brought by the Plaintiffs, the Court held an inquest on damages on July 8th through 11th, 2025. Although there were two prior days, the matter did not proceed with witnesses and the taking of actual testimony and receipt of evidence until the 10th and 11th of July. On July 11, 2025 both sides rested. The Court then set July 30, 2025 as the date on which post trial briefings were to be submitted. On September 3, 2025, after the hearing before the Court on damages, and after the full briefing on the issues, the Court rendered a decision. In rendering its decision, the Court ruled on all damages, both compensatory and punitive were assessed against the Defendants. In addition, the Court also recognized that "[i]n their complaint, plaintiffs seek injunctive relief against Sposato and the County, including orders precluding the denial of handgun permit recommendations to similarly situated individuals and the appointment of a Special Master to oversee the process. "(Memorandum and Order Following Inquest, Document 155 Filed 09/03/25, Page 31). The Court also directed that "[t]he parties have 30 days to meet and confer concerning this issue, and counsel for plaintiff will file a letter advising as to the status of plaintiffs' request for injunctive relief." (Memorandum and Order Following Inquest, Document 155 Filed 09/03/25, Page 32). That Plaintiff complied with that Order.

The Court sought input from the parties regarding the appropriate remedies for the Defendants' discriminatory actions. Thereafter, the parties provided the Court with their views of what, if any, injunctive relief should be issued by the Court. On January 20, 2026 the Court held a hearing and heard argument from counsel. The Court then advised the parties to meet and prepare a joint proposed Order to address the matters discussed with the Court on January 20, 2026.

**ORDER:**

In the issuance of this Order, the parties agree to work cooperatively with one another and in good faith and agree to use their best efforts, within reason, to effectuate the purposes of this Order and to resolve informally any differences regarding interpretation of and compliance with this Order prior to bringing such matters to the Court for resolution.

**After hearing the parties and having given due consideration to all the arguments provided, it is:**

1. **Ordered that**, the County of Nassau, its agents, employees, contractors and/or assigns are permanently enjoined from denying Plaintiffs and persons similarly situated to Plaintiffs from maintaining and being granted Good Guy Letters and/or their equivalents related to the application and possession of hand gun and/or pistol licences and/or permits without first providing them with written notice of and access to a full process to appeal any such determination;

2. **It is Further Ordered that**, MICHAEL SPOSATO is permanently enjoined from having any decision making, and/or any authority regarding implementation and/or input in any

human resources decisions or discussions which would involve/allow for the approval or denial of persons similarly situated to Plaintiffs from having and being granted Good Guy Letters or their equivalents  related to the application and possession of hand gun and/or pistol licences and/or permits;

3.  **It is Further Ordered that**,  the County of Nassau, through the Nassau County Sheriff's Department, in consultation with the Nassau County Police Department,  shall formulate and implement a detailed written policy setting forth that process to be followed for all civilian persons and ranks of Lieutenant and above in the Nassau County Sheriff's Department who are or will be engaged in determining/engaging in the decision making process as to who and who will not be recommended for Good Guy Letters or their equivalents and hand gun and/or pistol licences and/or permits, including but not limited to explaining the reason for the denial, and the process to be followed in an appeal of that decision of denial; that policy shall include an acknowledgment confirming that any person(s) making the decision on the application has received and read the policy;

4.  **It is Further Ordered that**,  the County of Nassau, Nassau County Police Department and the Nassau County Sheriff's Department shall formulate and implement a detailed and specific yearly training for all civilian persons and ranks of Lieutenant and above in the Nassau County Sheriff's Department who are or will be engaged in determining/engaging in the decision making process as to who and who will not be recommended for Good Guy Letters or their equivalents and hand gun and/or pistol licences and/or permits.  The training shall include a copy of the decision rendered by the Court 15-cv-05598-GRB-ARL, Document 155, Filed 09/03/25 (the decision), and shall include a clear component that instructs in a clear understanding of what discrimination is and what the law is the must be followed;

5.  **It is Further Ordered that**,  the County of Nassau, Nassau County Police Department and the Nassau County Sheriff's Department shall report in writing, within 30 days, to the office of the Nassau County Attorney any persons who have been denied or not granted Good Guy Letters or their equivalents related to the application for possession of hand gun and/or pistol licences and/or permits;

6.  **It is Further Ordered that**, the County of Nassau, Nassau County Police Department and the Nassau County Sheriff's Department shall report to the Court in writing every two years (on or before March 30th), until relieved of that obligation by Order of this Court, which shall include the number of persons who have been denied or not granted Good Guy Letters or their equivalent related to the application for possession of hand gun and or pistol licences and/or permits, the reason for any such denials; the names and titles of the decision maker(s) who issued such denials; the date of such denials; the dates when the persons seeking the Good Guy Letters were notified of their denial; and when, if any, was notice provided to those persons denied of their right to appeal the denials. This provision shall no longer be applicable after the passage of four years from its issuance, unless either party seeks an extension of that time period, which must be made on notice to the other party and submitted to the Court. ;

3

7. **It is Further Ordered that**, this Court shall retain jurisdiction over this action and may render any and all further orders that this Court may, from time to time, deem appropriate.

## SO ORDERED.

Dated: Central Islip, New York
May ___, 2026

_____
GARY R. BROWN
United States District Judge

4